ALLEN, Acting Chief Judge.
This is an appeal by the defendant below from a final judgment entered on á jury verdict in favor of the plaintiff, ap-pellee here, for six thousand dollars.
The plaintiff sued the defendant for damages resulting to his residence caused by subterranean termites, which suit was based upon a written contract whereby the defendant agreed to insulate plaintiff’s residence against subterranean termites and make additional applications of Termi-trol, defendant’s chemical application, for one year for a consideration of $276. The contract gave the plaintiff the right ¿o extend the contract from year to year at an annual cost to plaintiff of $17 which would entitle the plaintiff to re-inspection and additional applications of Termitrol by defendant.
The contract was renewed two times by the parties and then expired in May, 1957. The contract provides that the defendant will replace and repair any damage caused by subterranean termites to the premises covered by the contract that occurs after the contract is in force, but that defendant is not liable for previous damage.
The appellant states three points as follows :
1. “Was it error to enter a judgment for the plaintiff herein based upon speculation, conjecture, or contingency ?”
2. “Was it error to refuse to give defendant’s requested instruction that oral agreements must be supported by more than a mere preponderance of the evidence, and in fact, to charge that the jury could find for the plaintiff upon a preponderance of the evidence, when parol matter is admitted to supplement a written contract?”
3. “Was it error for the trial judge to refuse to direct a verdict for the defendant after stating the opinion that there was no evidence upon which a verdict could be given by a jury?”
No appendix was prepared or filed by the appellant in this case. The court has, however, reviewed the evidence to see if there is any basis for the second point presented by the appellant and finds no grounds therefor. The court below rested its decision expressly upon a written contract and the issues were framed upon a written contract. We shall not further allude to this question.
This court would be justified in not considering appellant’s third point, su *421 pra, since there was no appendix from which we could deduce a basis for the question but, from a search of the record, we find such remark was made but evidently the trial judge changed his mind, which he had a right to do, and let the case go to the jury. From testimony adduced before him it would have been error for the court to have directed a verdict for the defendant.
The remaining point of the appellant is:
“Was it error to enter a judgment for the plaintiff herein based upon speculation, conjecture, or contingency?”
This court finds from the testimony appearing in the record the following testimony which is sufficient upon which the jury could, and did, base its verdict,
A witness, Professor Clyde T. Reed, head of the University of Tampa Biology Department, testified that he had inspected the plaintiff’s residence and that the damage present was caused by subterranean termites but that “dry” termites might have been present also, and that there were live subterranean termites present at the time of his inspection in February, 1957. It was also his opinion that the damage to the residence had been done within a year pri- or to February, 1957, and if the residence had been properly treated in March, 1955, and in June, 1956, the damage would not have occurred. The plaintiff also filed in evidence, without objection from the defendant, the following statement embraced in a letter:
“Dear Mr. Duncan:
“In response to your request for assistance in determining the cause and extent of damage done by termits, to your house at the above address I have examined the building beneath, within and between the walls. The entire structure was very seriously damaged by Subterranean termites.
“The galleries were devoid of living termits both in the walls and the foundation and other wood member; however, they were heavily loaded with earth and contained an occasional dead termite. Tubes from ground up to wood structures were abundant. This damage was not done by the so-called dry-wood termites, which work without connections with the ground. Their galleries contain, feces and wood waste but not soil.
“I’m terribly sorry to have been so slow in completing the laboratory part of the investigation; however, it seemed that an endless string of special conferences and meetings consumed all my available time.
“Most sincerely,
“s/Clyde T. Reed, Head Department of Biology”
The president of the defendant corporation, A. H. Hayes, testified that there were live subterranean termites present over a year after his corporation had initially treated the residence for termites.
Another witness for the plaintiff, Harry White, who was a contractor, inspected the house for estimating the cost of repairs. He testified it would cost $6,885 to repair the damage which he observed in October, 1957, in addition to $800 which had already been expended by the plaintiff for this purpose. Mr. White further testified that he saw live termites, that the wood was eaten up, it was crumbly to the touch, the ends of the joists were gone, a great deal of the sills were gone, the bottom of the window sills were gone and he further stated that the cost of both labor and materials had risen since the time he had made his estimate. On cross-examination Mr. White testified that the termites found were subterranean termites because they were “wet” termites.
The principal defenses of the defendant were, first, that there was no definite proof *422 as to whether the damages occurred before the signing of the termite control contract between the plaintiff and the defendant, and second, that there was no proof that the damages were done by subterranean termites and not “dry” termites.
If a party to a termite control contract should be held to the strict proof required by the contentions of the defendant in this case, such a contract would be futile as far as any protection to the property owner is concerned. We hold, however, that there was sufficient evidence in this record from which the jury could determine first, that the damage to the property by subterranean termites exceeded the amount found by the jury, and second, that such damage accrued subsequent to the date of the signing of the contract which was the basis of the suit.
The lower court is affirmed.
SHANNON, J., and THOMAS, EL-WYN, Associate Judge, concur.