**OHIO VALLEY TERMINIX CORPORATION (TERMINIX COMPANY), and E. L. Bruce Company, Incorporated, Appellants,**

**v.**

**Earl H. RUDOLPH and Wife, Gladys M. Rudolph, Appellees.**

Court of Appeals of Kentucky.

March 7, 1969.

Rehearing Denied Sept. 19, 1969.

Charles A. Williams, Henry O. Whitlow, Paducah, for appellants.

W. Pelham McMurry, Paducah, for appellees.

NOLAN CARTER, Special Commissioner.

This is an action brought by appellees, Earl H. Rudolph and his wife, Gladys M. Rudolph, against appellants, Ohio Valley Terminix Corporation and E. L. Bruce Company, Incorporated, to recover the cost of repairing their home under the terms of a written contract between appellees and the Terminix Company. The obligations of the Terminix Company under this contract were guaranteed by appellant, E. L. Bruce Company.

During the years 1957 and 1958, appellees constructed a residence on land owned by them in the village of Woodville, McCracken County, Kentucky.

During the month of March 1961 appellees discovered termites in their home and sought the services of the Terminix Company, which is engaged in the business of termite control and extermination. Thereafter, the Terminix Company entered into the contract mentioned, which according to its terms became effective April 5, 1961. By the terms of this contract, for the monetary consideration set forth in the contract, the Terminix Company agreed to protect appellees' residence against attack by subterranean termites. The contract also contained the following provisions:

"The Terminix company further agrees that in the event of new subterranean termite damage to the structure or contents repairs will be performed with the approval and at the expense of the Terminix company. The liability of the Terminix company is not to exceed five thousand dollars ($5,000.00).

During the month of March 1965, and while the contract was in force and effect, Mr. Rudolph notified the Terminix Company that he had discovered further or new termite damage to his residence. Mr. Mills, local manager of the Terminix Company, with Mr. Rudolph, inspected the premises and found "new" termite damage to the door facing of the door between the kitchen and the utility room.

Mr. Rudolph insisted that there was termite damage to other parts of his residence, and Mr. Mills made another inspection of the premises, then finding evidence of what Mills termed "old" infestation.

Mills offered on behalf of his company to make certain repairs in discharge of the company's obligation under the contract. Rudolph refused to accept the offer, and this law suit resulted.

Upon the trial, Rudolph testified that in addition to the door facing, various other portions of his home were damaged, including the floors, walls and attic. To support his testimony, he produced and filed as exhibits, samples of termite damaged pieces of lumber, which he testified were taken from various parts of his residence.

Mr. Rudolph, who testified that he had had previous experience in building, re-

lated in detail why he considered the repairs which Mills offered to make were inadequate.

Appellees also called as a witness the manager of Orkin Exterminating Company, which company is engaged in the same business as Terminix, who supported Rudolph's testimony as to "new" and substantial damage to appellees' home. Appellees also introduced as a witness Robert Lamb, a building contractor, who testified that: "I made a general inspection or observation of everything that was accessible about the building without my digging into the concealed part of the structure." This witness testified further that he found damage in the attic and to the "structural part of the building", and described the method that in his opinion should be used to properly repair the residence. He had prepared and produced at the trial an itemized estimate of the cost of these repairs, totaling the sum of $12,071.50.

The case was submitted to the jury upon instructions given by the court and the jury returned a verdict in favor of appellees for the sum of $5,000.00.

Upon this appeal the first contention advanced by appellants is that appellees refused to permit appellant company to repair the damage, unless such repairs were made to his complete satisfaction. Appellants contend that such refusal upon the part of Rudolph relieved the Terminix Company of its obligation to make repairs. This argument appears to be predicated upon the premise that there was no conflict in the evidence and that appellees insisted that the repairs be made to their satisfaction.

Upon this point, appellee testified concerning the manner of repairing his house that he wanted it restored to its original condition; that he "couldn't go for this botching up a hole or two and walking off and leaving it." In addition, he testified:

"To me, I understood that they wanted to do just so much, and I insisted that they go ahead and repair it; but I want-

ed it put back in its original condition and they didn't want to give me any assurance that that would be done, it was going to be done as they seen fit. That's where I objected, I told them I would like to investigate and get a bid from a reliable contractor as to what it would take to put the building back, and then I would notify them. We agreed on that, Mr. Mills and I, and I have an answer from the company here where he says I am over and above the amount to be paid on my repairs; and they turned it over to the parent company, that's all I have heard from them."

■ This testimony, we believe, constitutes competent evidence of probative value in contradiction of appellants' contention that appellee refused to permit appellant company to make repairs unless the repairs were done to appellees' complete satisfaction. A question of fact was thus created and was submitted to the jury for its determination by the court in the following instruction:

"If you believe from the evidence that after new termite damage was found, the defendant, Ohio Valley Terminix Corporation undertook to have repairs made, and that the plaintiff, Earl H. Rudolph, interfered with and prevented the defendant, Ohio Valley Terminix Corporation, from making repairs by requiring that the house be restored to its original value by an insured contract to the complete satisfaction of the plaintiff, Earl H. Rudolph, then you will find for the defendants."

The court also admonished the jury in this instruction that, "In assessing damages for plaintiffs, you should award them as damages such amount which you find from the evidence is the reasonable cost of restoring or repairing such damage to said house, excluding the garage portion, so as to put it in substantially as good condition as it was before the damages, but this does not necessarily mean that it has to be restored to the same or exact condition

or that it has to be restored to the satisfaction of the owner."

Counsel for appellants made no objection to the form of these instructions, and we think that they fairly and clearly submitted the issues to the jury.

The next objection raised by appellants is that there was no evidence of "new subterranean termite damage to the structure or contents, except as to the door facing"; and that, this being true, the case should not have been submitted to the jury.

We have previously mentioned evidence introduced by appellees to establish that there was "new subterranean termite damage" to their home beside that to the door facing. In addition to the evidence previously mentioned, appellees also introduced evidence that before the contract sued on became effective, the Terminix Company made an examination of the house, and at that time, the only "old" termite damage which was found was "slight damage to plate in garage", which was excepted from the contract. There was also evidence on behalf of appellees that during the four-year period of the contract, swarms of termites were discovered in the building.

We are of the opinion that the evidence for appellees was ample to create a question of fact as to the extent of "new termite damage."

The court submitted this issue to the jury in the following instruction, to the form of which appellants made no objection:

"The jury should find for the plaintiffs damages only for any new subterranean termite damage which you find from the evidence resulted necessarily and immediately and directly from new subterranean damage to the plaintiffs' house, excluding the garage portion thereof, and which you find from the evidence occurred from the beginning of the contract between plaintiffs and the Terminix Company on April 5, 1961, to the date of its termination when plaintiffs employed another exterminating company in April, 1965."

The jury obviously was persuaded by the evidence adduced by appellees upon the two questions of fact; and resolved both in favor of appellees which the jury had to do under the court's instructions, in order to render a five thousand dollar verdict for appellees.

As this court has said in Southern Railway Co. v. Kelly Construction Co., Ky., 406 S.W.2d 305, "On disputed questions of fact, this court will not substitute its judgment for the verdict of the jury, nor otherwise disturb the verdict if it is supported by substantial evidence." See also Rojo, Inc. v. Drifmeyer, Ky., 357 S.W.2d 33.

Appellees filed a cross appeal, but at the conclusion of their brief they state that they are willing to abandon their cross appeal unless this court remands this case for further proceedings.

We affirm the judgment, therefore deem it unnecessary to consider this cross appeal which is dismissed.

All concur.