HILL & HILL EXTERMINATORS, INC., Appellant,

v.

Donald E. McKNIGHT, Appellee.

No. C14–82–300–CV.

Court of Appeals of Texas, Houston (14th Dist.).

May 24, 1984.

Edward J. Howlett, II, Kirklin, Boudreaux & Joseph, Houston, for appellant.

Patrick M. Flynn, Bray & Watson, Houston, for appellee.

Before JUNELL, MURPHY and SEARS, JJ.

## OPINION

JUNELL, Justice.

This appeal is from a judgment in favor of appellee Donald E. McKnight in a suit

brought under the Texas Deceptive Trade Practices Act. (DTPA).[1]

Donald E. McKnight and appellant Hill & Hill Exterminators entered into an agreement in March, 1968, wherein appellant provided termite treatment and agreed to provide termite control services on appellee's home for a period of twelve months, in return for appellee's payment of $119.00. The contract provided that appellee could extend the termite control services at the end of the twelve month period by paying an annual fee of $20.00. From March 30, 1968 to January 19, 1977, appellant made annual inspections of the premises. Appellant states that these inspections were limited to visual inspections for signs of live, active termites, and claims appellee could have obtained a more thorough inspection by paying an additional fee and requesting a different inspection. Appellee maintains appellant never advised him of any different types of inspection or treatment service.

In April, 1977, Dawson Enterprises discovered termite infestation while performing some remodeling work on appellee's home. Appellee sued appellant for damages under the DTPA and for breach of express warranties. The jury found actual damages in the amount of $3,345.00 and attorney's fees of $3,300.00. The court trebled the damages, added the attorney's fees and rendered judgment for McKnight in the total amount of $13,635.00.

In answer to special issues the jury found that appellant had engaged in deceptive trade practices by representing to appellee (1) that there were no visible, active termites in appellee's home on or about January 19, 1977, and (2) that it had treated appellee's home for the prevention of termites on or about January 19, 1977. The jury found each of these representations to be a producing cause of damage which adversely affected appellee. Additionally the jury found that Hill & Hill represented to appellee on March 30, 1968, by the termite control contract that if appellee paid an annual renewal fee, Hill & Hill warranted against future termite infestation damage. The jury also found the warranty to be a deceptive trade practice that was a producing cause of damage adversely affecting appellee.

In point of error two appellant contends there is no evidence to support the jury's finding that Hill & Hill had engaged in a deceptive trade practice by representing to appellee on January 19, 1977, that there was "no visible, active termites." Appellant urges that appellee failed to prove that Hill & Hill's representations were false, i.e., that there were in fact visible, active termites in the McKnight house on January 19, 1977.

■ In considering "no evidence" points, this court will consider only the evidence and inferences tending to support the verdict and will disregard all evidence and inferences to the contrary. *Garza v. Alviar*, 395 S.W.2d 821 (Tex.1965).

■ In our opinion the record contains some evidence that visible, active termites were present on January 19, 1977. Phillip Dawson, a remodeling contractor, testified that he found termites on April 13, 1977. Robert Firestone, owner of another pest control company, testified as an expert. He had never seen the McKnight residence but testified that photographs taken shortly after termites were found on April 13, 1977, showed moisture in the wood where some of the termite damage was found, indicating live termite activity within a reasonably short period of time before the pictures were taken. When asked what he meant by a reasonably short period of time, Firestone explained that the moisture in the wood meant termite activity within sixty to ninety days before the pictures were taken. January 19, 1977 was eighty-four days before the termites were found on April 13, 1977. This constituted some evidence that there were visible, active ter-

1. Deceptive Trade Practices-Consumer Protection Act, ch. 143, §§ 17.46, 17.50, 1973 Tex.Gen. Laws 322–343. (Current version at TEX.BUS. & COMM.CODE ANN. §§ 17.46, 17.50 (Vernon Supp.1984)).

mites on January 19, 1977; therefore, appellant's second point of error, a no evidence point, is overruled.

In point of error three appellant contends there is no evidence to support the jury's finding that Hill & Hill engaged in a deceptive trade practice by representing to McKnight on January 19, 1977 that appellant had on that date treated the McKnight home for prevention of termites.

Appellant contends there is no evidence that appellant did not, in fact, treat the premises on January 19, 1977. Again we consider only the evidence and inferences tending to support the verdict and disregard all evidence and inferences to the contrary. *Garza v. Alviar, supra.* There was undisputed evidence that on January 19, 1977 appellant's service man did not go under the house, either to inspect or treat the premises. It is reasonable to infer from the evidence that appropriate treatment for prevention of termites required at least some of the treatment at points beneath the house. No such treatment was done on January 19, 1977. Also, Mr. Firestone testified that if appellant had made inspections and performed treatment for prevention of termites from inception of the contract in 1968 through January 19, 1977, live termite activity would not be likely in April, 1977. This constitutes some evidence that appellant did not in fact properly treat the premises on January 19, 1977; therefore, appellant's point of error three, a no evidence point, is overruled.

In point of error four appellant contends the trial court erred in rendering judgment for appellee based on the jury's answer to Special Issues Nos. 5 and 6 because those issues inquired about misrepresentations that allegedly occurred on March 30, 1968, more than five years before the effective date of the DTPA, TEX.BUS. & COMM. CODE § 17.41 (Vernon Supp.1984). Special Issue No. 5 inquired whether Hill & Hill represented to McKnight on March 30, 1968 by the termite control contract that if McKnight paid an annual renewal fee, Hill & Hill warranted against future termite infestation. Special Issue No. 6 inquired

whether such warranty constituted a deceptive act.

Special Issues Nos. 5 and 6 dealt expressly with a representation that allegedly occurred on March 30, 1968. Section 17.63 of the DTPA, as it was originally passed in 1973, expressly provided that "the provisions of this subchapter apply only to acts or practices occurring after the effective date of this chapter." Appellant cannot be held liable under the DTPA for an act committed on March 30, 1968; *Cape Conroe Ltd. v. Specht,* 525 S.W.2d 215 (Tex.Civ.App.—Houston [14th Dist.] 1975, no writ); therefore, appellant's fourth point of error is sustained. We would point out that appellee pled only a cause of action under the DTPA and the entire case was tried only on that alleged cause of action.

This brings us to a consideration of appellant's first point of error, in which appellant contends that the trial court erred in awarding appellee the full cost of the repair of the premises as there was no evidence, or alternatively insufficient evidence, to support the jury's finding that appellant's conduct was the producing cause of all of the termite damage at the premises. Under this point of error appellant contends that there is no evidence that appellant's acts found by the jury were the factual cause of all the termite damage to appellee's house. Alternatively, it is contended that the evidence as to causation is insufficient to support the jury's award of the total cost of repairing the termite damage. It is undisputed that the total cost of repairing all the termite damage was awarded by the jury in answer to Special Issue No. 9(a). In considering this point of error we must keep in mind that the only acts of appellant found by the jury to be deceptive trade practices under the DTPA and affirmed by this court had occurred on January 19, 1977, just eighty-four days before discovery of the termite infestation and damage. The DTPA was intended to permit an adversely affected consumer to recover the greatest amount of actual damage he has alleged and established by proof was *factually caused* by the defendant's

conduct. *Hyder-Ingram Chevrolet, Inc. v. Kutach,* 612 S.W.2d 687 (Tex.Civ.App.—Houston [14th Dist.] 1981, no writ); *Rotello v. Ring Around Products, Inc.,* 614 S.W.2d 455 (Tex.Civ.App.—Houston [14th Dist.] 1981, writ ref'd n.r.e.); *Woo v. Great Southwestern Acceptance Corp.,* 565 S.W.2d 290 (Tex.Civ.App.—Waco 1978, writ ref'd n.r.e.). In the instant case, for appellee to be entitled to recover the total cost of repairing all of the termite damage, the evidence must establish that all of the damage was factually caused by the January 19, 1977 acts of appellant. It follows that any damage that had occurred before January 19, 1977 could not possibly have been factually caused by appellant's acts that occurred on that date and therefore could not be recovered by appellee.

We will now discuss the evidence in the instant case concerning when the termite damage found in April, 1977, had in fact occurred. Robert Firestone testified he had never seen appellee's home. He examined a number of snapshot photographs taken a few days after the termite damage was found in April, 1977. These photographs showed extensive damage, but Firestone testified that he could not tell when the damage occurred. The photos showed some moisture in some of the wood where some of the termite damage appeared, indicating recent termite infestation. Firestone was never asked specifically what damage had occurred since January 19, 1977 but stated that some of the damage could be ten years old, some twenty years old and some thirty years old.

The evidence in this record does not show when the termite damage occurred. At best the evidence is sufficient to justify a finding that some of it occurred after January 19, 1977, but there is no evidence at all of what damage, or how much of it, occurred after that date. In this state of the record there is no legally sufficient evidence to support the jury's findings as to the amount of damages. *Sears, Roebuck & Co. v. Marquez,* 628 S.W.2d 772 (Tex.1982), reversing *Marquez v. Sears, Roebuck & Co.,* 625 S.W.2d 52 (Tex.Civ.

App.—San Antonio 1981). For this reason we must reverse the judgment of the trial court and render judgment in favor of the appellant.