Donald E. McKNIGHT, Petitioner,

v.

HILL & HILL EXTERMINATORS,
INC., Respondent.

No. C–3361.

Supreme Court of Texas.

March 27, 1985.

Rehearing Denied May 22, 1985.

Watson, Flynn & Bensik, Patrick M.
Flynn, Houston, for petitioner.

Kirklin, Boudreaux & Joseph, Charles B.
Kirklin and Robert G. Gibson, Jr., Houston,
for respondent.

McGEE, Justice.

This is a suit for damages under the Deceptive Trade Practices Act. The action was instituted by Donald E. McKnight upon discovery of termite damage to his home. The trial court rendered judgment in favor of McKnight. The court of appeals reversed the judgment of the trial court and rendered judgment in favor of *Hill & Hill Exterminators, Inc.*, 678 S.W.2d 515. We affirm the judgment of the court of appeals.

In March 1968, McKnight executed a termite treatment and control contract with Hill & Hill. The contract was extended through the payment of a yearly fee and annual inspections were made until January 19, 1977. On April 13, 1977, live termites were discovered during remodeling of the McKnight's home. McKnight brought suit under the DTPA and for breach of express warranties. An action on the contract was not alleged. The jury returned a verdict in favor of McKnight finding that Hill & Hill engaged in a deceptive trade practice on March 30, 1968 by issuing a warranty against future termite infestation upon the payment of an annual renewal fee. The jury also found that Hill & Hill represented that there were no live termites in the home on January 19, 1977, and that a preventative treatment was applied on the same date. McKnight submitted evidence that the total cost of repairing all termite damage in the home was $3,141.00. The special issue on damages did not require the jury to apportion the total damages between the 1968 or 1977 representations. The jury awarded $3,141.00 as actual damages, plus $304 for chemical retreatment of the home. The trial court trebled the damages, awarded attorney's fees of $3,300, and rendered judgment for McKnight in the amount of $13,635.00.

The court of appeals held that the 1968 representation was not a basis for liability because it occurred prior to the effective date of the DTPA. Therefore, the court of appeals held that liability must be predicated upon the representations made by Hill & Hill on January 19, 1977. Because McKnight produced no evidence that all the termite damage occurred after January 19, 1977, the court reversed the judgment of the trial court and rendered judgment for Hill & Hill. McKnight does not appeal the court of appeals' holding that the evidence must establish that all of the termite damage occurred after January 19, 1977. Rather, McKnight asserts that there is evidence to support such a finding.

In deciding a no evidence point, we consider only the evidence and inferences which support the jury finding and disregard all evidence and inferences to the contrary. *Garza v. Alviar*, 395 S.W.2d 821 (Tex.1965). The point must be sustained if there is a complete absence of, or no more than a scintilla of evidence which supports the verdict. *Freeman v. Texas Compensation Ins. Co.*, 603 S.W.2d 186 (Tex.1980).

This case involves uncertainty of the fact of damages. There is a distinction between uncertainty as to the fact of damages and uncertainty merely as to the amount of damages. "Uncertainty as to the fact of legal damages is fatal to recovery, but uncertainty as to the amount will not defeat recovery." *Southwest Battery Corp. v. Owen*, 131 Tex. 423, 427–8, 115 S.W.2d 1097, 1099 (1938); *Hindman v. Texas Lime Co.*, 157 Tex. 592, 305 S.W.2d 947 (1957). The narrow question posed in this cause is whether there is legally sufficient evidence for the jury to conclude that all of the termite damage occurred after January 19, 1977.

Other jurisdictions have noted the difficulty in determining that termite damage is the factual result of the defendants' negligence due to the inherent difficulty in determining the exact date of termite infestation. *See* Annot. 32 A.L.R.4th 682 (1984). However, the task is not impossible, and the courts have universally held that the plaintiff must produce competent evidence from which the jury may reasonably infer that the damages sought were the result of the defendants' acts. *Alabama v. Howell*, 276 Ala. 66, 158 So.2d 915, 918 (1963); *Neary v. Posner*, 253 Md. 401, 252 A.2d

843, 856 (1969); *Hamilton v. Walker Chemical & Exterminating Co.*, 233 So.2d 440, 443–4 (Fla.Dist.Ct.App.1970).

Although the date of infestation may not be exactly determined, an expert witness may form a conclusion as to the approximate date of infestation through examination of the premises and analysis of the damaged wood. *Neary v. Posner*, 252 A.2d at 845; *Termitrol Engineers, Inc. v. Duncan*, 112 So.2d 419, 421 (Fla.Dist.Ct. App.1959); *See also* 15 Am.Jur. *Proof of Facts* 400 (1966). In addition, the plaintiff may establish an approximate date of infestation or prove that all damage has resulted from the defendant's acts through circumstantial evidence. *See Baird v. Dodson Exterminating Co.*, 217 Va. 745, 232 S.E.2d 770 (1977) (jury could reasonably infer that upon repair of termite damage at time of initial treatment, all subsequent damage resulted from the defendants' negligence); *Ohio Valley Terminix Corp. v. Rudolph*, 444 S.W.2d 114 (Ky.1969) (report showing "old" termite damage was sufficient to submit question of "new" termite damage to jury); *Alabama v. Howell*, 158 So.2d at 918 (testimony that partially destroyed wood would indicate "new" rather than "old" termite damage); *Higdon v. Orkin Exterminating Co.*, 412 So.2d 720 (La. Ct.App.1982) (graph showing the location of active termites coupled with expert testimony could form basis from which jury could infer that damage found two years later occurred after the initial treatment); *Maguire v. Masino*, 325 So.2d 844 (La.Ct. App.1975) (swarming termites indicate an infestation within the previous three months).

Two recent court of appeals cases have addressed the question of the sufficiency of proof as to termite infestation and damage. In *Marquez v. Sears, Roebuck & Co.*, 625 S.W.2d 52 (Tex.App.—San Antonio 1981) *rev'd on other grounds, per curiam* 628 S.W.2d 772 (Tex.1982), the plaintiff brought suit upon the discovery of termite damage two and a half years after the execution of a termite control contract. The plaintiff submitted proof that the cost to repair the termite damage was $39,774. However, the estimate was for a total remodeling job and "would include repair of anything that needed repair, such as electric wiring, plumbing and replacement of asbestos siding, none of which were damaged by termites. [The witness] also recognized that there was some water damage, particularly around the bathroom, which would be repaired." 625 S.W.2d at 53.

The parties in *Marquez* agreed that there was some new subterranean termite damage. Marquez admitted that the damage depicted in photographs introduced into evidence was more severe than that existing when suit was brought. The court of appeals noted that the only proof offered at trial was that some of the new damage "was caused by subterranean termites between the inception of the extermination contract and the institution of suit." *Id.* at 55. However, the *Marquez* court held that there was no evidence upon which the jury could reasonably estimate the *amount* of damages. The court did not address the question of whether there was evidence to support a finding that the damages sued for were the factual result of the defendants' acts.

In *Terminix International, Inc. v. Lucci*, 670 S.W.2d 657 (Tex.App.—San Antonio 1984, writ ref'd n.r.e.), the plaintiff discovered termite damage in her home in 1976. In February, 1976, a termite control and guarantee contract was executed and the infestation abated. The plaintiff brought suit for new subterranean termite damage when active termites were discovered in September, 1978. The court applied the rule as to uncertainty of the amount of damages and held that recovery would not be defeated if the injured party produced the best evidence from which the extent of damages may be ascertained. 670 S.W.2d at 664. We agree that the plaintiff in *Lucci* should not have been denied recovery merely because the monetary amount of damages was difficult to estimate. However, the *Lucci* court purported to allow plaintiff recovery for termite damage occurring prior to the date of the original

termite contract. *Id.* at 663. We expressly disapprove of this language.

 We hold that the plaintiff must produce evidence from which the jury may reasonably infer that the damage sued for has resulted from the conduct of the defendant. *Southwest Battery Corp. v. Owen,* 131 Tex. at 427–8, 115 S.W.2d at 1099; *Texas & P. Ry. Co. v. Dunn,* 17 S.W. 822 (Tex.1891); In the case at bar, the plaintiff's expert did not conduct a personal examination of the McKnight home. The witness testified that from examining photographs, he could not tell whether there was any recent live subterranean termite activity. The witness further stated that the termite damage depicted in the photographs "may have been there before, it might be new." He stated that because the photographs taken 84 days after the January representations depicted moisture, the infestation might have occurred within the previous 60–90 days. However, the witness testified that the damage might be as old as 30 years. We hold that this testimony raised no more than a suspicion or surmise that all of the termite damage occurred after January 19, 1977. *Seideneck v. Cal Bayreuther Associates,* 451 S.W.2d 752 (Tex.1970); *Rounsaville v. Bullard,* 154 Tex. 260, 276 S.W.2d 791 (1955); *Joske v. Irvine,* 91 Tex. 574, 44 S.W. 1059 (1898). Therefore, there was no evidence upon which the jury verdict could be sustained.

The judgment of the court of appeals is affirmed.

KILGARLIN, J., not sitting.