# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-24-00314-CV

---

**Joseph Johnson, Appellant**

**v.**

**State Farm Lloyds, Appellee**

---

### FROM THE 421ST DISTRICT COURT OF CALDWELL COUNTY
### NO. 19-O-004, THE HONORABLE CHRIS SCHNEIDER, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Joseph Johnson appeals a summary judgment rendered in favor of State Farm Lloyds on his claims for violations of Chapters 541 and 542 of the Texas Insurance Code and breach of a renter's insurance policy covering personal property stored in an airport hangar. We will affirm in part and reverse and remand in part.

## BACKGROUND

Johnson was the insured under a renter's insurance policy issued by State Farm. Johnson operated a skydiving business and stored his business and personal equipment in rented space in a hangar at an airport. The hangar that Johnson rented is a common area shared by several tenants. Johnson's insurance policy provided that it covered "physical loss to property" caused by certain "perils," one of which was defined as "[t]heft, including attempted theft and loss of property from a known location when it is probable that the property has been stolen."

The contract further provided, however, that the covered theft "peril" did not include "loss caused by theft committed by an insured." In September 2017, Johnson reported a theft loss to State Farm. He informed State Farm that parachutes and tools given to him by his father had been stolen from the hangar.[1] After conducting an investigation, State Farm ultimately denied Johnson's claim.

In January 2019, Johnson sued State Farm alleging violations of the Texas Insurance Code. Johnson asserted that State Farm was required to "reasonably and promptly" investigate his claim and promptly pay his claim once liability was "reasonably clear." In support of his claims, Johnson alleged that he was the victim of a robbery in September 2017; that State Farm's investigation was insufficient; and that State Farm determined, without any evidentiary basis, that Johnson had "somehow staged the robbery for purposes of filing a fraudulent claim." Johnson alleged that there was no dispute that a theft had occurred; that the stolen property at issue was covered by the policy; and that there was "no evidence whatsoever to support the theory that [he] staged the robbery." Johnson also asserted a claim for breach of contract, alleging that State Farm breached the renter's insurance policy by refusing to pay for a covered loss.

After conducting discovery, State Farm moved for summary judgment. State Farm asserted that there were "major discrepancies in [Johnson's] story" and that "multiple witnesses testified that [Johnson] staged the theft and [Johnson] was still in possession of the allegedly stolen items after reporting the theft." State Farm argued that this information created a bona fide dispute about its liability under the policy that provided a reasonable basis to

---

[1] In his deposition, Johnson testified that the stolen parachutes were his personal property and that a number of other parachutes owned by his skydiving business were not stolen. Johnson's renter's insurance policy covered only Johnson's personal property.

withhold payment of the claim and that the existence of the bona fide dispute conclusively established that its liability under the policy was not "reasonably clear." Regarding Johnson's breach of contract claim, State Farm asserted that Johnson disclaimed having knowledge of what tools were actually stolen and that, consequently, there was no evidence of the value of the covered loss.

After a hearing, the trial court granted State Farm's motion for summary judgment and rendered judgment a take-nothing judgment against Johnson. This appeal followed.

## DISCUSSION

We review the granting of a motion for summary judgment de novo.[2] When the trial court does not specify the grounds for its ruling, summary judgment must be affirmed if any of the grounds on which judgment was sought are meritorious. *State v. Ninety Thousand Two Hundred Thirty-Five Dollars & No Cents ($90,235) in U.S. Currency*, 390 S.W.3d 289, 292 (Tex. 2013).

### *Extracontractual Claims*

Johnson alleges extracontractual (tort) damages arising from State Farm's alleged violation of the Texas Insurance Code. An insurer will not be liable for extracontractual damages, either under the common law or pursuant to a statute, based on its having challenged a

---

[2] The standards for reviewing a summary judgment are well established and undisputed on appeal. *See, e.g.*, *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005); *see also Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007); *Fort Worth Osteopathic Hosp., Inc. v. Reese*, 148 S.W.3d 94, 99 (Tex. 2004); *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004); *see also* Tex. R. Civ. P. 166a(c), (i). Accordingly, we need not repeat them here.

claim of coverage if there was a reasonable basis for its denial of that coverage. *See Republic Ins. v. Stoker*, 903 S.W.2d 338, 340 (Tex. 1995) (if insurers have reasonable basis for their denial of coverage, they retain right to deny questionable claims without being exposed to extracontractual damages, even if denial of coverage is later determined to have been erroneous); *Lyons v. Millers Cas. Ins. Co. of Tex.*, 866 S.W.2d 597, 601) (Tex. 1993) (applying same analysis to both common-law and statutory bad faith claim); *Emmert v. Progressive Cnty. Mut. Ins.*, 882 S.W.2d 32, 37 (Tex. App.—Tyler 1994, writ denied) (statutory claims require same predicate for recovery as common-law bad faith causes of action).

In a bad faith case, the plaintiff has the burden to prove that the insurance company had no reasonable basis for denying the claim. *Transportation Ins. v. Moriel*, 879 S.W.2d 10, 18 (Tex. 1994). The insured's evidence must relate to the tort issue of no reasonable basis for denial, not just to the contractual issue of coverage. *Lyons*, 866 S.W.2d at 601. "The focus on the evidence and its relation to the elements of bad faith is necessary to maintain the distinction between a contract claim on the policy and a claim of bad faith delay or denial of that claim, which arises from the tort duty we imposed on insurers in *Arnold* and *Aranda*." *Id.* at 600 (citing generally *Aranda v. Insurance Co. of N. Am.*, 748 S.W.2d 210 (Tex. 1998) *overruled on other grounds by Texas Mut. Ins. v. Ruttiger*, 381 S.W.3d 430 (Tex. 2012); *Arnold v. National Cnty. Mut. Fire Ins.*, 725 S.W.2d 165 (Tex. 1987)). "Evidence that merely shows a bona fide dispute about the insurer's liability on the contract does not rise to the level of bad faith." *Transportation Ins.*, 879 S.W.2d at 18. An insurer cannot, as a matter of law, be liable for bad faith insurance practices if it had a reasonable basis to withhold payment. *See State Farm Lloyds, Inc. v. Polasek*, 847 S.W.2d 279, 285 (Tex. App.—San Antonio 1992, writ denied) ("[I]f a reasonable basis exists for questioning the insurance claim, the insurer may deny

4

it and litigate the matter without also facing a bad faith claim."). A bona fide dispute about the insurer's liability on the insurance contract supplies that reasonable basis. Thus, we consider whether State Farm's summary-judgment evidence demonstrated the existence of a bona fide dispute about whether the property loss for which Johnson sought payment was excluded from coverage because it was a loss caused by theft committed by Johnson.

In support of its summary-judgment motion, State Farm submitted the evidence it relies on to establish the existence of a bona fide dispute about whether Johnson "staged" the theft of the parachutes and tools. State Farm attached the affidavit of Jonathan Bullard, a Luling Police Department Officer who investigated the theft. Officer Bullard testified that he informed State Farm's agent, Daniel Lerma, that he believed the theft was "staged." Officer Bullard explained that he believed the theft was staged because only Johnson's belongings were taken while valuable items belonging to others in the same hangar were untouched. Officer Bullard formed an opinion that Johnson was involved in the theft and that either Johnson "took it somewhere and did something with it or some of his guys took it on his behalf." Officer Bullard testified that he was "quite sure" he told a State Farm agent that he "didn't think it was legitimate [theft]." In his brief on appeal, Johnson himself acknowledges that State Farm "possessed information that a witness and an investigating officer thought that the theft was staged." This included a statement made by a Luling Police Officer referred to as "Dutch" who "advised that he believed the entire scene was staged for some type of insurance scam." State Farm's claim file states that "[p]olice checked cameras for the front of the airport and noted [Johnson's] vehicle came through at 19:41 [on September 20, 2017] and was not seen leaving the area (prior

to loss)."[3] State Farm's claim file also includes information about Johnson that it discovered while investigating the claim, including that Johnson had previously been indicted on felony counts, including violation of the Colorado Organized Crime Control Act, illegal marijuana distribution, money laundering, tax evasion, and attempts to influence public servants.

Johnson submitted summary judgment evidence to refute State Farm's assertion that it had a reasonable basis for denying Johnson's claim based on a bona fide dispute about whether he committed the theft, which would exclude the claim from coverage. That evidence included: (1) Johnson's claim that he had nothing to do with he theft; (2) that he gave police the names of disgruntled employees whom he believed may have been involved in the theft; (3) that a State Farm adjuster was told by a Luling Police Officer that "he had no evidence linking" Johnson to the theft; and (4) that the Luling Police did not arrest Johnson for fraud. With regard to State Farm's assertion that it was informed by the Luling Police Department that it believed the scene of the crime to have been staged, Johnson's summary-judgment response countered with the following:

> The Luling police department report did state, "the theft appeared to have been completed by individuals with knowledge of the hangar contents, that the thieves left more expensive serial numbered items, and that the knocked over tubs/boxes appear to have been kicked over and dumped to give the appearance of being gone through" **but the police report did NOT say that Johnson was a suspect or that Johnson staged the theft.**

(Emphasis in original). Johnson also asserts that State Farm did not determine what time he left the hangar on the night of the theft. In reviewing a summary judgment, we must consider the evidence in the light most favorable to the non-movant, Johnson here. However, even doing so, Johnson's summary judgment evidence does not overcome the undisputed evidence State Farm

---

[3] Johnson reported the theft to the police at 9:53 a.m. on September 21, 2017.

relied on to demonstrate that it had a reasonable basis for believing that Johnson may have been responsible for the theft, including Officer Bullard's statement that he believed the theft was staged, that Johnson's truck was seen entering the hangar on the day of the theft, and that Johnson's parachutes and tools were taken while other valuable items were left behind. Johnson's summary judgment evidence at most creates a fact issue about whether or not he was responsible for the theft. That unanswered question is the precise basis for State Farm's denial of coverage and for its assertion that it did so because of a bona fide dispute about coverage.

There was ample evidence that a reasonable basis existed for denying Johnson's claim. There was undisputed circumstantial evidence before State Farm resulting from its investigation that reasonably suggested that Johnson may have committed the theft, creating a bona fide dispute about coverage. Therefore, State Farm is not subject to a bad faith cause of action even if a jury could have resolved the coverage issue in Johnson's favor.[4]

A bad faith action may rest on proof that the insurer had no reasonable basis for denying the claim *or* that it failed to determine whether there was any reasonable basis for

---

[4] We find this discussion of the bad-faith tort instructive:

> Insurers have the ability to exploit the needs of insureds who have suffered losses they cannot afford to bear. If limited to ordinary contractual remedies, such insureds might find it necessary to accept inadequate compromise settlements of claims which are clearly due. The bad faith tort is recognized to prevent and remedy such abuses. But the bad faith tort must be confined, in order to protect the ability of insurers to prevent the inflated cost to insurance buyers that would result from paying unmeritorious claims. Consequently, an insurer is not liable in tort unless it lacked a "reasonable basis" to withhold payment, a basis which shows that there is a bona fide dispute as to the insurer's right to payment. Such a dispute warrants "testing the [insured's] claim in court" and precludes liability for requiring the insured to litigate.

William T. Baker, *Evidentiary Sufficiency in Insurance Bad Faith Suits*, 6 Conn. Ins. L.J. 81, 84 (2000).

denying or delaying payment. *Arnold*, 725 S.W.2d at 167. Relying on this second part of the bad faith cause of action, Johnson argues that State Farm failed to conduct a reasonable investigation that would have shown that the dispute about whether Johnson committed the theft was not "bona fide." As an initial matter, State Farm did not simply deny the claim without investigating; its claim file, which was attached to its summary-judgment motion, is extensive and details its investigation of the circumstances surrounding the theft, including its conversations with Johnson and the police officer and its attempts to communicate with individuals Johnson suggested may have committed the theft. "Even the most thorough investigation must stop somewhere; there is always something else the investigators could have done." *Polasek*, 847 S.W.2d at 288. Courts have upheld summary judgments when the insured's complaint is that the insurer simply failed to pursue every lead. *See, e.g.*, *Betco Scaffolds, Co. v. Houston United Cas. Ins.*, 29 S.W.3d 341, 348 (Tex. App.—Houston [14th Dist. 2000, no pet.) ("[Insurer's] investigation revealed evidence sufficient to legitimately sustain a basis for denial of the claim, and [insured] has cited no authority or evidence imposing an obligation on [insurer] to investigate beyond that."); *Polasek*, 847 S.W.2d at 288 (holding that evidence of avenues that insurer did not investigate does not create fact issue about whether insurer breached duty to investigate and rejecting contention that "insurer has a duty to leave no stone unturned"). Thus, Johnson's assertions that State Farm did not run down each and every potential lead regarding who committed the theft does not support a conclusion that State Farm breached its duty to reasonably investigate.

Relying on *State Farm Fire & Casualty Company v. Simmons*, Johnson asserts that summary judgment was error because he demonstrated that State Farm's investigation was an outcome-oriented investigation conducted as a pretext for denying Johnson's claim. *See*

8

963 S.W.2d 42, 44-45 (Tex. 1998). In *Simmons*, State Farm had denied a claim for fire damage to the Simmonses' home on the ground that they had committed arson. State Farm set out to prove this circumstantially by showing the "arson triangle" of (1) incendiary origin of the fire, (2) opportunity to set the fire, and (3) motive for doing so. *Id.* at 45 & n.1. Incendiary origin was clear, and the Simmonses's opportunity to set the fire was reasonably clear. *Id*. at 44. Therefore, the apparent issue was motive. State Farm claimed that the Simmonses had financial problems that provided the motive for them to set the fire. *Id.* at 46. The court concluded that a jury could have found it unreasonable for State Farm to believe that the Simmonses had a motive to burn their house because State Farm's investigation mistakenly analyzed the Simmonses' financial condition as far worse than it was and may not have fully reconsidered the issue on discovering the truth. *Id.* at 46-47. The truth was that the Simmonses were managing their financial issues adequately. *Id.* at 46. The insurance coverage would not have been sufficient to pay off the mortgage, so a fire would destroy their home without removing the burden of debt. *Id.* In fact, because the Simmonses had made extensive improvements to the home, they would be far worse off after the fire than before. *Id.* at 43, 46. Based on this evidence, the court concluded that, viewed in the light most favorable to the Simmonses, it was apparent they had no reason to burn the house and every reason not to; State Farm's contrary position arguably could be found unreasonable; and thus the "arson triangle" supplying the reasonable basis for a bona fide dispute about coverage collapsed. Because the "arson triangle" could be found not to provide a reasonable basis for denying the claim, State Farm's only articulated basis could fail and not support a "bona fide" dispute about coverage. Critical to the court's analysis was the insurer's reliance on verifiably false evidence of the insured's financial situation to support its articulated basis for denying the claim. *See id.* at 46-47. Here, Johnson has not identified any

analogous shortcoming in State Farm's investigation. Johnson produced no evidence that the witness statements State Farm considered were false, and its determination that there was a bona fide dispute about whether Johnson committed the theft was not based on dishonestly selected experts but, rather on information it received from the police investigating the incident and a video showing Johnson's truck entering the hangar on the night of the theft. Moreover, the Texas Supreme Court has elaborated on the reference to a "pretextual" investigation in *Simmons*:

> Our use of the term "pretextual" in *Nicolau* and *Simmons* did not mean that an insured is relieved from its burden of offering evidence that liability has become reasonably clear or that there was no reasonable basis for denying the claim. We did not redefine the common-law tort of bad faith . . . to include a mechanism by which a factfinder could conclude that the denial was pretextual even though there was a reasonable basis for denying the claim. The use of the concept "pretextual" was another way of saying that there must be some evidence that there was no reasonable basis for denying the claim or that liability was reasonably clear.

*Provident Am. Ins. v. Castaneda*, 988 S.W.2d 189, 198 (Tex. 1998) (citing generally *Simmons*, 963 S.W.2d at 42; *State Farm Lloyds v.Nicolau*, 951 S.W.2d 444 (Tex. 1997)).. Thus, the insured is still required to negate the insurer's basis for finding a bona fide dispute regarding coverage. In this case, the witness statements State Farm relied on were not shown to be false. And Johnson has not pointed to any evidence that would demonstrate that State Farm's determination that the theft might have been committed by Johnson was unreasonable. Johnson has not shown that there was any evidence State Farm would have discovered through further investigation that would refute a reasonable basis to deny the claim. *See Nicolau*, 951 S.W.2d at 448 (holding investigation pretextual because expert report relied on by State Farm was unsupported).

"Evidence that merely shows a bona fide dispute about the insurer's liability on the contract does not rise to the level of bad faith." *Moriel*, 879 S.W.2d at 17. This rule

10

recognizes that "the parties to an insurance contract will sometimes have a good faith disagreement about coverage." *Id.* This disagreement supplies a reasonable basis for an insurer to deny coverage and does not constitute bad faith. Here, the summary judgment evidence shows a robust and bona fide dispute about whether Johnson was responsible for the theft of the parachutes and tools. The trial court did not err in granting State Farm's motion for summary judgment on Johnson's extracontractual claims.

### *Breach of Contract Claim*

The trial court granted State Farm's traditional and no-evidence motions for summary judgment on Johnson's claim that State Farm breached the renter's insurance policy by denying his claim. In its motion, State Farm argued that it was entitled to both a no-evidence and a traditional summary judgment because "[Johnson] cannot prove the amount of his loss with reasonable certainty." A no-evidence summary-judgment motion must specifically challenge an essential element of the plaintiff's claim. Tex. R. Civ. P. 166(a)(i) ("The motion must state the elements as to which there is no evidence."). The elements of a breach of contract claim are (1) the existence of a valid contract, (2) the plaintiff performed or tendered performance as the contract required, (3) the defendant breached the contract by failing to perform or tender performance as the contract required; and (4) the plaintiff sustained damages as a result of the breach. *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 501 n.21 (Tex. 2018). The *amount* of damages the plaintiff sustained—the value of the items lost—is not an essential element of Johnson's breach of contract claim. With regard to the damages element of a cause of action, courts must separate "the fact of injury or damages from the amount of damages." *Jefferson v. Parra*, 651 S.W.3d 643, 650 (Tex. App.—Houston [14th Dist.] no pet.). "[W]e must

11

distinguish 'uncertainty as to the fact of damages' from 'uncertainty merely as to the amount of damages.'" *International Bus. Machs. Corp. v. Lufkin Indus., LLC*, 573 S.W.3d 224, 235 (Tex. 2019) (quoting *McKnight v. Hill & Hill Exterminators, Inc.*, 689 S.W.2d 206, 207 (Tex. 1985)). "Uncertainty as to the fact of legal damages is fatal to recovery, but uncertainty as to the amount will not defeat recovery." *McKnight*, 689 S.W.2d at 207 (quoting *Southwest Battery Corp. v. Owen*, 115 S.W.2d 1097, 1099 (Tex. 1938)). Thus, a no-evidence motion for summary judgment that challenges the amount of damages, rather than the fact of damages, does not challenge an essential element of a breach of contract claim. Johnson was not required to prove the amount of his damages in response to a no-evidence motion for summary judgment. *See Mata v. Velazquez*, No. 11-22-00118-CV, 2024 WL 4151916, at *3 (Tex. App.—Eastland Sept. 12, 2024, no pet.) (mem. op.).

It in its brief on appeal, State Farm argues that it challenged the third element of a breach of contract claim by asserting that Johnson failed to comply with a requirement in the renter's insurance policy that he provide an "inventory of damaged or stolen personal property" that showed in detail "the quantity, description, age, replacement cost and amount of loss." But State Farm's summary-judgment motion makes no mention of this policy provision. In fact, the motion points to Johnson's testimony that he did not know whether "the inventory he provided to State Farm is accurate or represents the same tools that were stolen." Thus, State Farm's summary-judgment motion itself acknowledges that Johnson provided an inventory, albeit one that State Farm believed to be inaccurate. State Farm's summary-judgment motion cannot fairly

be read to assert that Johnson failed to perform his contractual obligation to provide an inventory of the stolen personal property.[5]

While there is certainly a debate about what was stolen and its value, there is more than a scintilla of evidence, supplied by Johson's testimony that he lost valuable tools, to support that Johson suffered some damages. Johnson provided State Farm with an inventory of the tools he claims to have lost; he testified that the inventory was accurate; and submitted his assessment of the property's reasonable value. In its summary-judgment motion, State Farm took issue with the validity of the inventory and pointed to Johnson's testimony that "nobody" has personal knowledge of what exact tools were stolen. But this dispute about what, if any, tools were taken and the value of the stolen tools does no more than create a fact issue regarding the amount of damages Johnson claims to have suffered. State Farm was not entitled to traditional summary judgment on the ground that, as a matter of law, Johnson suffered no compensable damages. *See* Tex. R. Civ. P. 166a(c).

The trial court erred in granting State Farm's no-evidence and traditional motion for summary judgment on Johnson's breach of contract claim.

## CONCLUSION

For the reasons stated in this opinion, we affirm the trial court's summary judgment in State Farm's favor on Johnson's extracontractual claims. We reverse the trial court's summary judgment in State Farm's favor on Johnson's breach of contract claim and remand the cause to the trial court for further proceedings.

---

[5] We express no opinion as to the merits of this argument had it been made in the trial court.

13

_____

               Chari L. Kelly, Justice

Before Chief Justice Byrne, Justices Kelly and Ellis

Affirmed in Part, Reversed and Remanded in Part

Filed:   March 26, 2026