Barbara DILLON, Appellant,

v.

James TROUBLEFIELD, Appellee.

No. 13,155.

Court of Civil Appeals of Texas,
Austin.

May 28, 1980.

Stephen Gardner, Legal Aid Society of
Central Texas, Austin, for appellant.

James T. Odiorne, Bastrop, for appellee.

SHANNON, Justice.

Appellant, Barbara Dillon, sued appellee James Troublefield in the district court of Bastrop County asserting appellee's violation of Tex.Bus. & Com.Code Ann. § 17.41 *et seq.*, commonly called the Deceptive Trade Practices—Consumer Protection Act. After trial to a jury, the district court entered judgment *non obstante veredicto* that appellant take nothing. This Court will reverse that judgment.

Appellant's cause of action stemmed from appellee's sale of his used Volkswagen to appellant. Appellant pleaded, among other things, that appellee knowingly made false or misleading statements of fact concerning the Volkswagen's need for parts or repair services.

The jury answered, *inter alia*, that appellee knowingly made false or misleading statements of fact concerning the Volkswagen's need for parts replacement or repair service and that such statements were a producing cause of damage to appellant.

Point of error two is that the district court erred in granting judgment *non obstante veredicto* because there was evidence in support of the jury's answer.

Before a trial court can render a judgment *non obstante veredicto*, based upon the absence of evidence, the court must determine that there is no evidence of probative force upon which the jury could have made the findings relied upon. *Harbin v. Seale*, 461 S.W.2d 591 (Tex.1970). In making this determination, all evidence must be considered in a light most favorable to the party in whose favor the verdict has been rendered, and every inference deducible from the evidence is to be indulged in such party's favor. *Burt v. Lochausen*, 151 Tex. 289, 249 S.W.2d 194 (1952). The question, then, is whether there is evidence of probative force in the record that supports the jury's finding that appellee knowingly made false or misleading statements of fact concerning the Volkswagen's need for parts replacement or repair service.

Appellant responded to appellee's advertisement that provided:

"1968 VW FASTBACK, new tires, engine overhauled; February 1977, low mileage, needs tuneup, $500 negotiable 452–8943."

When appellant called upon appellee, appellee told her that rather than a tune-up, the Volkswagen needed "super-studs." The Court understands from the record that mechanics employ super-studs to repair pulled out head studs in Volkswagen engine cases. If super-studs can be used, the mechanic is not required to disassemble the motor. Super-studs can be used only once. Thereafter, if the super-studs pull out, the engine must be taken apart and steel inserts must be installed in the engine case.

The testimony in the record is that in the event super studs had not been placed in the automobile, the repair job would have cost only about $50.00. On the contrary, if such studs had already been installed, the repair would have amounted to about $200.00.

Appellant requested appellee's permission to drive the Volkswagen to Austin for inspection by her mechanic. Because the automobile was not in shape to be driven, appellee offered to tow it to the mechanic's shop in Austin the following day.

Appellee towed the Volkswagen to the mechanic's shop after closing hours the following day. Appellee then went to appellant's house where appellant paid him in full. Appellant paid for the automobile before inspection by her mechanic because appellee insisted that he had been inconvenienced for her sake, that he had changed the certificate of title, and that the only repairs needed for the Volkswagen was the installation of super studs.

Counsel for appellant read into evidence a portion of appellee's deposition in which he admitted that he himself, had installed super super studs in the Volkswagen.

Thereafter, appellant's mechanic reported to her that super studs were already in place in the Volkswagen. Upon request, appellee refused to rescind the sale. The cost of repairing the Volkswagen was $341.23.

Considering the evidence most favorably to appellant, *Harbin v. Seale, supra,* it is plain that there was some evidence in support of the jury's answer that appellee knowingly made false statements concerning the Volkswagen's need for parts replacement or repair service. Point of error two is sustained.

Appellee defends the judgment upon the further basis that there was no probative evidence in support of the jury's finding of damages. The jury answered, among other things, that: (1) the difference between the value of the Volkswagen as represented to appellant and its actual value was $100.00 and (2) the reasonable travel expenses incurred by appellant during the time the Volkswagen was being repaired was $53.00.

Appellant testified, without objection, that the Volkswagen was worth $450.00 in the condition represented by appellee, but was worth nothing in its actual condition. Appellee claims appellant's opinion testimony is not probative.

Anyone familiar with the value of property is competent to give an opinion as to its value. In the absence of a request for *voir dire* examination, the competency of the witness is established by his statement that he knows the value of the article in question. The strength or weakness of the qualifications of the witness is merely a factor to be considered in weighing his testimony. *Cortez v. Mascarro,* 412 S.W.2d 342 (Tex.Civ.App.1967, no writ); *Brown v. Brown,* 520 S.W.2d 571 (Tex.Civ.App.1975, no writ).

With respect to the jury's answer that appellant had incurred $53.00 in reasonable travel expenses during the time the Volkswagen was being repaired, appellee claims that such item was placed ". . . in the realm of special damages for which there was neither pleading nor proof." Appellee's argument is not meritorious. The reason for the rule requiring that special damages be pleaded is to prevent the defendant from being surprised at trial and to give the defendant a fair opportunity to present his defenses. See *T. & P. Ry. Co. v.*

*Curry,* 64 Tex. 85 (1885). An examination of appellant's petition shows that she pleaded travel expense, "In addition to the cost of repairs, [appellant] was also damaged in (*sic*) inconvenience, loss of work, car rental, and *additional travel expenses.*" (Emphasis added). Also contrary to appellee's claim, there was evidence in support of that answer of the jury.

Where a judgment *non obstante veredicto* is erroneously entered, the reviewing court will reverse the judgment of the trial court and enter judgment upon the jury's verdict unless the appellee has filed cross-points sufficient to vitiate the jury's verdict or to prevent an affirmance of the judgment, had one been entered on the verdict. *Billings v. Atkinson,* 489 S.W.2d 858 (Tex. 1973), Tex.R.Civ.P. 324. Appellee filed no cross-points; therefore, this Court will render judgment upon the jury's verdict and counsels' stipulations as to attorney's fees.

The judgment of the district court is reversed and judgment here rendered that appellant recover $459.00 for her cause of action pursuant to the Deceptive Trade Practices—Consumer Protection Act and $1500.00 as attorney's fees.

PHILLIPS, C. J., not sitting.