Paul RUDOLPH, Appellant,

v.

ABC PEST CONTROL, INC., Appellee.

No. 04–88–00301–CV.

Court of Appeals of Texas,
San Antonio.

Jan. 11, 1989.

Rehearing Denied Feb. 7, 1989.

Geoffrey E. Goring, San Antonio, for appellant.

Richard H. Ihfe, Janet P. Littlejohn, Ihfe & Miller, San Antonio, for appellee.

Before CADENA, C.J., and CANTU *, and CHAPA, JJ.

## OPINION

CHAPA, Justice.

This is an appeal from a judgment wherein the trial court granted an instructed verdict in favor of appellee, ABC Pest Control, Inc., against appellant Paul Rudolph. The only issue before us is whether this action by the court was proper. We reverse and remand.

Appellant purchased a home from Robert Ahlstrom in May 1984. As a condition of the purchase, Ahlstrom agreed to provide appellant with a written termite inspection report of the house. Appellee ABC Pest Control was contacted and after inspection, furnished appellant with a copy of its report which stated that there was no active infestation, but that there was evidence of a previous infestation of termites. The report also provided that there was evidence of conditions conducive to infestation, and evidence of damage to structural items and other constructions. In an explanatory space on the reverse side of the document, appellee's representative stated that there was no visible damage to the house. In May 1985, appellant discovered severe termite damage and active infestation to part of the house structure which

---

* Associate Justice Antonio G. Cantu, not participating.

had apparently been present at the time of appellee's inspection. He brought suit against appellee under the Deceptive Trade Practices Act, and under breach of contract and negligence theories. Trial was before a jury in February 1988. After appellant had rested his case, appellee moved for a directed verdict which was denied by the court. Subsequently, at the close of its case, appellee again moved for a directed verdict which was granted.

Appellant brings seven points of error contesting the propriety of the trial court's action in granting the directed verdict. Appellee, in its oral motion before the court, argued that appellant had failed to establish any violation of the Deceptive Trade Practices Act, breach of contract, or negligence, and that appellant had failed to prove that damages were caused by appellee's conduct. Appellant contends that any and all theories were legally maintainable and should have been presented to the jury. We agree.

■ An instructed verdict is proper only in limited instances. These are 1) when a defect (specifically indicated) in the opponent's pleadings makes it insufficient to support a judgment, 2) when the evidence proves conclusively the truth of fact propositions which under the substantive law establish the right of the movant, or negative right of his opponent, to judgment, or 3) when the evidence is insufficient to raise an issue of fact as to one or more fact propositions which must be established for the opponent to be entitled to judgment. *Watts v. St. Mary's Hall,* 662 S.W.2d 55, 59 (Tex.App.—San Antonio 1983, writ ref'd n.r.e.). Upon review, the evidence presented before the court must be considered in the light most favorable to the party against whom the verdict is instructed and this action is proper only when the prevailing party is entitled to judgment as a matter of law. *Dryden v. City National Bank of Laredo,* 666 S.W. 2d 213, 215 (Tex.App.—San Antonio 1984, writ ref'd n.r.e.). When reasonable minds may differ as to the truth of any control-

ling facts, a jury issue is present and an instructed verdict is improper. *Watts, supra* at 59.

■ At trial, appellee advanced several reasons why a directed verdict was proper but the court did not indicate a specific ground for granting the motion. We are aware that a judgment of the trial court can be affirmed if it is good upon any ground stated even though the trial court granted it for the wrong reason. *Lance v. City of Mission,* 308 S.W.2d 546, 548 (Tex. Civ.App.—San Antonio 1957, writ ref'd n.r. e.). However, upon review of the record we find that a directed verdict was improper based on any reason advanced by appellee.

■ The evidence in the record indicates, in a light most favorable to appellant, that active termite infestation existed at the time of the inspection. Testimony of ABC's vice-president established that the infestation had been present in excess of five years. Appellant testified that he would not have purchased the home had he known of the extensive damage caused by the infestation, and that he relied on the inspection report in making his ultimate determination to buy the house. Appellant also testified that he paid $60,000 for the house and the reasonable market value of it, as damaged, was $54,000. It is well settled that an owner of property can testify to its market value. *State v. Berger,* 430 S.W.2d 557, 559 (Tex.Civ.App.—Waco 1968, writ ref'd n.r.e.). This requirement is usually met, as in this case, by asking the witness if he is familiar with the market value of his property. *Porras v. Craig,* 675 S.W.2d 503, 505 (Tex.1984). The strength or weakness of the qualifications of the witness is merely a factor to be considered in weighing his testimony. *Dillon v. Troublefield,* 601 S.W.2d 141, 143 (Tex.Civ.App.—Austin 1980, no writ).

Appellee places much reliance on *McKnight v. Hill & Hill Exterminators,* 689 S.W.2d 206 (Tex.1985), which involved a homeowner's suit against an extermina-

tor resulting from termite infestation. The Texas Supreme Court held that the plaintiff in such a case must produce evidence from which a jury may reasonably infer that damage sued for has resulted from the conduct of the defendant. *Id.* at 207. The narrow issue presented in *McKnight* was whether legally sufficient evidence had been produced for the jury to conclude that all the termite damages in question occurred after a certain date. *Id.* at 207. The testimony in that case which raised only a suspicion that the infestation existed on the date in question was held to be insufficient to support a recovery. The instant case is distinguishable. The evidence produced raised an issue as to whether ABC misrepresented its inspection to appellant and whether this caused appellant to sustain damages. We hold that controlling facts existed concerning appellant's cause of action upon which reasonable minds could differ. Appellant was entitled to present these issues to the jury. Therefore, we find the trial court improperly granted an instructed verdict in favor of defendant as to the DTPA cause of action.

▎ We further conclude that fact issues were present concerning appellant's negligence cause of action which should have precluded the granting of a directed verdict in favor of appellee. In Texas, the elements of actionable negligence are: 1) the existence of a duty on the part of one party to another, 2) breach of that duty, and 3) damages proximately resulting from that breach. *Rosas v. Buddies Food Store,* 518 S.W.2d 534 (Tex.1975); *Southwestern Bell v. McKinney,* 699 S.W.2d 629, 634 (Tex.App.—San Antonio 1985, writ ref'd n.r.e.). The question of whether a legal duty is owed by one party to another is a question of law for the court, while resolution of a defendant's possible breach

of a duty is a question of fact. *Atchison, Topeka & Santa Fe Ry. v. Standard,* 696 S.W.2d 476, 479 (Tex.App.—Eastland 1985, writ ref'd n.r.e.). One who voluntarily undertakes an affirmative course of action for the benefit of another has a duty to exercise reasonable care that the other's person or property will not be injured thereby. *Colonial Sav. Ass'n. v. Taylor,* 544 S.W.2d 116, 119 (Tex.1976) (construing RESTATEMENT (SECOND) OF TORTS § 323 (1965).[1] By undertaking to inspect the house for termites in view of a potential purchase, appellee assumed a legal duty owed to appellant to carefully examine the premises and provide appellant with an accurate report of its condition. The testimony adduced at trial concerning appellant's reliance on the report, together with the testimony of appellee's representative that active infestation existed at the time of the inspection creates a fact issue concerning the breach of his duty which was required to be submitted to the jury. Moreover, the question of proximate cause is normally one for the jury. *Clark v. Waggoner,* 452 S.W.2d 437 (Tex.1970).

▎ Appellee also argued that lack of privity between the parties negated any valid breach of contract claim advanced by appellant. The long standing rule of law in Texas is that a third party not a party to a contract may still have a cause of action to enforce the contract if it was entered into for that person's benefit. *Dairyland County Mut. Ins. v. Childress,* 650 S.W.2d 770, 775 (Tex.1983); *Quilter v. Wendland,* 403 S.W.2d 335, 337 (Tex.1966). The general rule requiring privity of contract in order for a contract to be enforceable by a party gives way to the exception that one who can show that he is intended to benefit from a contract becomes a third party beneficiary and is thus eligible to enforce it.

---

1. RESTATEMENT (SECOND) OF TORTS § 323 provides as follows:

    One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of the other's person or things, is subject to liability to the other for physical

harm resulting from his failure to exercise reasonable care to perform his undertaking, if
    (a) his failure to exercise such care increases the risk of such harm, or
    (b) the harm is suffered because of the other's reliance upon the undertaking.

**934**

*Republic Nat. Bank v. National Bankers Life Ins. Co.,* 427 S.W.2d 76, 79 (Tex.Civ. App.—Dallas 1968, writ ref'd n.r.e.). Here, the purchase money contract between the seller and appellant provided that the seller, at its own expense, would furnish to the buyer before or at the time of closing "a written report by a structural Pest Control Business License stating that there is no visible evidence of termites or visible damage to the improvements to the same in need of repair." The seller then entered into a contract with ABC, clearly for the benefit of Mr. Rudolph, to inspect the premises for any evidence of infestation. Appellee's wood infestation report itself evidences a clear awareness that the inspection was being conducted for the specific purpose of complying with the purchase money contract in order for the sale to be completed. The report contains the following language:

> I hereby certify that neither I nor the company for whom I am acting have had, presently have or contemplate having any interest in the property involved. I do further certify that neither I nor the company for whom I am acting is associated in any way with any party to this transaction.

In *Johnson v. Wall,* 38 N.C.App. 406, 248 S.E.2d 571, 574 (1978), identical language was used by a termite inspector in a report furnished to a buyer of a house under similar circumstances. The court in that case held that "[A]lthough the contract did not specifically state that the plaintiffs were the intended beneficiaries of the contract, it was sufficient that the contract was evidently made for the benefit of third persons." *Id.* 248 S.E.2d at 574 (*citing* 17 Am.Jur.2d *Contracts* § 304). We find that appellant was a third party beneficiary of the contract between the vendor of the house and ABC, thus obviating the necessity of privity between appellant and appellee in order for appellant to maintain an action for breach of the contract. The evidence stated above presented a fact issue concerning the contract's breach.

For these reasons, it was error for the trial court to direct a verdict in favor of appellee when the appellant's causes of action were viable. Accordingly, the judgment of the trial court is reversed and the cause remanded for a new trial.