**Anthony Ray HAGER, Individually and d/b/a Hager's Flying Service, Appellant,**

v.

**Thomas R. ROMINES and Betty Romines, Appellees.**

No. 2–95–066–CV.

Court of Appeals of Texas, Fort Worth.

Dec. 28, 1995.

Stephen C. Howell, Stephen L. Tatum, Geffrey W. Anderson, Brown, Herman, Scott, Dean & Miles, L.L.P., Fort Worth, for appellant.

Ron Poole, William K. Altman & Associates, Wichita Falls, for appellee.

Before LIVINGSTON, BRIGHAM and HOLMAN, JJ.

## OPINION

LIVINGSTON, Justice.

Thomas and Betty Romines grew tomatoes and jalapeños on one-half acre of land in Clay County, Texas. When their plants began dying from exposure to herbicide, they sued Hager Flying Service and Anthony Ray Hager, who had applied herbicide from a crop dusting airplane to a nearby field the same day the Romineses noticed that their tomato plants were sick. At trial, the court denied Hager's motion for instructed verdict. The jury awarded Thomas and Betty Romines $45,000 as damages. Hager appeals in five points of error. We sustain point of error one, reverse the judgment entered for the Romineses, and render judgment for Hager.

In his first point of error, Hager argues that the trial court erred when it overruled his motion for instructed verdict because the Romineses presented no evidence of a violation of the standard of care applicable to their claim of negligence. The Romineses claimed that Hager was negligent in his application of herbicide to a nearby field and that their tomato and jalapeño plants were damaged because of the negligence. In reviewing whether the trial court erred in refusing to instruct a verdict in Hager's favor, our task is to determine whether: (1) a specified defect in the opponent's pleading makes it insufficient to support a judgment; (2) the evidence conclusively establishes the right of the movant to judgment or negates the right of the opponent; or (3) the evidence is insufficient to raise a fact issue that must be established before the opponent is entitled to judgment. *Boswell v. Farm & Home Sav. Ass'n,* 894 S.W.2d 761, 768 (Tex.App.—Fort Worth 1994, writ denied); *Rowland v. City of Corpus Christi,* 620 S.W.2d 930, 932–33 (Tex. Civ.App.—Corpus Christi 1981, writ ref'd n.r.e.); *see also* TEX.R.CIV.P. 268.

To avoid an instructed verdict, the Romineses had to offer evidence for each element of their negligence claim. The elements of a negligence claim are: (1) the existence of a duty on the part of one party to another; (2) a breach of the duty; (3) damages to whom the duty was owed; and (4) causation. *See Rosas v. Buddies Food Store,* 518 S.W.2d 534, 536 (Tex.1975). For breach of duty, they must have presented evidence that Hager did not exercise the care that a reasonably prudent aerial applicator would have exercised under the same or similar circumstances. *See Parkway Co. v. Woodruff,* 857 S.W.2d 903, 919 (Tex.App.— Houston [1st Dist.] 1993, no writ), *aff'd as modified,* 901 S.W.2d 434 (Tex.1995). We find that the standard of care in the aerial

application of herbicide, as well as the violation of such standard, must be established by expert testimony. Expert testimony is necessary when the alleged negligence is of such a nature that it is not within the experience of a layman. *Roark v. Allen*, 633 S.W.2d 804, 809 (Tex.1982). Not only is flying an airplane not within the realm of experience of the ordinary, prudent person or juror,[1] applying herbicide and pesticide aerially requires use of specialized equipment and techniques that are not familiar to the ordinary person.

Thus, the question before us is whether the Romineses presented sufficient evidence of breach of the duty of care to raise a fact issue on that element. We hold that they did not. Hager testified as an expert about the standard of care applicable to aerial applicators. He also testified that he had not breached that standard of care. A party may give expert testimony if the party is qualified to do so. *See, e.g., Tijerina v. Wennermark*, 700 S.W.2d 342, 347 (Tex. App.—San Antonio 1985, no writ), *overruled on other grounds by Cosgrove v. Grimes*, 774 S.W.2d 662, 665 (Tex.1989). Further, if expert testimony is required on an issue, and that expert testimony is uncontroverted, the testimony is considered conclusively established. *Mack v. Moore*, 669 S.W.2d 415, 419 (Tex.App.—Houston [1st Dist.] 1984, no writ). The Romineses needed to controvert Hager's testimony with their own expert testimony so that Hager's testimony about his compliance with the standard of care would not be conclusive.

The Romineses called two expert witnesses, Floyd Mahaney and Ricks Pluenneke. Mahaney was a herbicide and pesticide specialist with the Texas Department of Agriculture who testified about the effect of herbicide on tomato plants. He also testified about a possible "drift pattern" between the Romineses' tomato field and the field to which Hager had applied herbicide. He concluded that herbicide might have drifted because weeds between the two fields showed effects from herbicide. However, he could not identify the herbicide that hurt the tomatoes as Grazon P + D, the herbicide that Hager had sprayed. He did not testify about herbicide effects on jalapeño plants. Also, he did not give any testimony that showed that Hager had not acted as a reasonably prudent aerial applicator.

Pluenneke was an expert on plant physiology and agronomy. He testified that Hager had caused the damage to the tomato and jalapeño plants based on his knowledge of the plants involved and of the herbicide. However, this is not testimony that Hager had not acted as a reasonably prudent aerial applicator. In fact, Pluenneke did not even know whether Hager had applied the herbicide with a coarse or fine spray, which could affect the herbicide's ability to drift.

On appeal, the Romineses claim that Hager's testimony on cross-examination shows that he violated the standard of care. The Romineses' attorney asked Hagar, "[W]ould you agree that, if it was some Grazon P + D out of your airplane on June 3rd, 1990, that got on the Romines tomato field, that you would have been negligent?" Hagar agreed. The Romineses say that this is expert testimony of a violation of the standard of care because they proved that it was Hager's Grazon P + D that caused the damage to the tomato and jalapeño plants. Two witnesses observed from one-half mile away that Hager's crop dusting airplane flew over the Romineses' home. Two witnesses testified that they could smell the spray even though they were upwind from the field that Hager sprayed. One testified that he could see "stuff" drifting in the air. However, independent of causation evidence, Hager's testimony does not indicate that he did not adhere to the standard of care. The Romineses' argument is an attempt to bootstrap lay witnesses' testimony on causation into expert testimony on a violation of the standard of care. No expert witness ever testified that Hager had violated the standard of care. Because the Romineses failed to present evidence on a breach of the stan-

---

1. *McKinney v. Air Venture Corp.*, 578 S.W.2d 849, 851 (Tex.Civ.App.—Fort Worth 1979, writ ref'd n.r.e.).

dard of care, their claim should not have been submitted to a jury.

Accordingly, we reverse the judgment of the trial court and render judgment that the Romineses take nothing against Hager.