Larry **FULGHAM** and Debra Fulgham, Appellants,

v.

**FFE TRANSPORTATION SERVICES, INC., Appellee.**

No. 05–01–01040–CV.

Court of Appeals of Texas, Dallas.

Aug. 7, 2002.

Rehearing Overruled Oct. 7, 2002.

---

[17]. 122 S.W.3d at 797.

Kenneth W. Fuqua, Fuqua, Hudnall & Gappelberg, L.L.P., Dallas, for appellants.

David L. Sargent, Monte K. Hurst, Thad D. Spalding, Hermes, Sargent & Bates, L.L.P., Dallas, for

Before Justices JAMES, FARRIS,[1] and ROSENBERG.[2]

1. The Honorable David F. Farris, Retired Justice, Second District Court of Appeals, Fort Worth, Texas, sitting by assignment.

2. The Honorable Barbara Rosenberg, Former Justice, Court of Appeals, Fifth District of Texas at Dallas, sitting by assignment.

## OPINION

Opinion by Justice BARBARA ROSENBERG (Assigned).

In four issues, Larry and Debra Fulgham (the Fulghams) appeal a directed verdict on their negligence and product liability claims against FFE Transportation Services, Inc. (FFE). Because expert testimony is not necessary to establish negligence and there is some evidence of the elements of duty, breach, and causation and because there is some evidence of a lease between FFE and Larry, we reverse the trial court's judgment and remand both claims for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

Larry Fulgham is a long haul trucker. Larry and FFE had an agreement whereby Larry furnished his tractor to transport products in FFE's trailers. The tractor and the trailer were connected by means of the trailer's kingpin that locked into the tractor's fifth wheel. The kingpin was part of the upper coupler assembly that was bolted to the base rail of the trailer. In March 1998, Larry was driving a load for FFE through Kentucky. As he exited an interstate highway on a curved ramp, the upper coupler assembly broke loose from the trailer, causing the trailer to break loose from the tractor and overturn. Larry lost control of the tractor, and it overturned, too, injuring him. The Fulghams' theory of the accident was that the bolts holding the upper coupler assembly to the base rail of the trailer were rusty and broke.

The Fulghams sued FFE[3] for negligence, alleging that FFE failed to timely

3. Fulgham also sued Wabash National Corporation, which manufactured the trailer. It settled before trial. It is not a party to this appeal.

and properly inspect, maintain, and service the trailer, particularly the upper coupler assembly, and failed to warn Larry of the unsafe condition of the trailer, particularly the upper coupler assembly. The Fulghams also alleged that the trailer was defective because the bolts and plates anchoring the upper coupler assembly to the trailer were weak due to rust and other deterioration and that FFE was liable for a defective product. Larry claimed damages for pain and suffering, physical impairment, and mental anguish; loss of past and future income and future earning capacity; and loss of the tractor and home due to inability to make payments from loss of income. Debra sought recovery for loss of consortium, lost wages, and loss of Larry's household services.

This case was tried to a jury. The trial court stated that expert testimony was required to establish the standard of care. FFE moved for directed verdict on grounds that there was no evidence of duty, breach, and causation of the negligence claim, and, as to the product liability claim, there was no evidence that FFE placed the trailer into the stream of commerce. The trial court granted the motion and entered a take nothing judgment against the Fulghams. This appeal followed.

## STANDARD OF REVIEW

In reviewing the granting of a directed verdict, we must determine whether there is any evidence of probative force to raise a fact issue on the material questions presented. *Szczepanik v. First S. Trust Co.*, 883 S.W.2d 648, 649 (Tex.1994) (per curiam). We consider all the evidence in a light most favorable to the party against whom the verdict was directed and disregard all contrary evidence and inferences; we give the losing party the benefit of all reasonable inferences created by the evidence. *Id.* If there is any conflicting evidence of probative value on a theory of recovery, a directed verdict is improper, and the case must be reversed and remanded for jury determination of that issue. *Id.*

### Negligence

In their second issue, the Fulghams contend the trial court erred in granting a directed verdict on their negligence claim. Specifically, the Fulghams contend the trial court erred in finding that expert testimony was required to establish FFE's duty and that there was no evidence on the challenged elements of their claim.

#### Applicable Law

To establish negligence, a plaintiff must show (1) the defendant owed a legal duty to the plaintiff and breached that duty, and (2) damages proximately resulting from the breach. *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 477 (Tex.1995). Whether a legal duty exists is a threshold question of law for the court to decide from the facts surrounding the occurrence in question. *Thapar v. Zezulka*, 994 S.W.2d 635, 637 (Tex.1999). One who voluntarily undertakes an affirmative course of action for the benefit of another has a duty to exercise reasonable care that the other's person or property will not be injured thereby. *Rudolph v. ABC Pest Control, Inc.*, 763 S.W.2d 930, 933 (Tex. App.-San Antonio 1989, writ denied) (citing *Colonial Sav. Ass'n v. Taylor*, 544 S.W.2d 116, 119 (Tex.1976) and RESTATEMENT (SECOND) OF TORTS § 323 (1965)). Expert testimony is necessary when the alleged negligence is of such a nature as not to be within the experience of the layman. *Roark v. Allen*, 633 S.W.2d 804, 809 (Tex. 1982).

The Fulghams alleged that FFE had a duty to inspect the trailer's upper coupler

assembly and sought to prove that failure to detect rusty bolts in the inspection caused the accident. The Fulghams contend that expert testimony on the duty element was not necessary because inspecting a trailer for loose bolts and rust is within the common understanding of laypersons. The Fulghams argue that this case is similar to the detection and repair of a deteriorating pipeline in *Scurlock Oil Co. v. Harrell*, 443 S.W.2d 334, 337 (Tex. Civ.App.-Austin 1969, writ ref'd n.r.e.). There, the court determined that because the owner of a pipeline had the duty of ordinary care to "protect people and property in the vicinity of the line from the types of harm ordinarily resulting from such line, . . . it has a duty to properly install and maintain its lines and to avoid dangers from occurrences such as leaks and breaks in the line." *Id.* "A pipe that has deteriorated to a point where it will no longer contain the liquid that it was meant to contain is not a fact so peculiar to a specialized industry that the defect can only be established through expert testimony." *Id.* We conclude that the inspection and detection of loose and rusty bolts connecting parts of a trailer is not a "fact so peculiar to a specialized industry" and is within the experience of a layperson, like a leaking pipe. *See id.; cf. Turbines, Inc. v. Dardis*, 1 S.W.3d 726, 738 (Tex.App.-Amarillo 1999, pet. denied) (op. on reh'g) (concluding negligence of an aircraft turbine engine mechanic requires expert testimony because "[t]he performance of mechanical work on turbine aircraft engines is not within the experience of a layman"); *Hager v. Romines*, 913 S.W.2d 733, 734–35 (Tex.App.-Fort Worth 1995, no writ) (concluding aerial application of herbicide must be established by expert testimony because "[n]ot only is flying an airplane not within the realm of experience of the ordinary, prudent person or juror, . . ., applying herbicide and pesticide aerially re-

quires use of specialized equipment and techniques that are not familiar to the ordinary person"). Thus, expert testimony was not required to establish negligence.

■ Next, the Fulghams contend that the testimony of Bill Robinson, director of purchasing FFE's equipment and maintaining FFE's fleet of tractors and trailers, established FFE's duty to inspect and detect loose and rusty bolts holding the upper coupler assembly to the trailer. Robinson testified as follows:

[Counsel]: Do you agree that as part of every 60 day inspection that the inspector is supposed to check the base rails to make sure there are no loose rivets and no loose bolts?

Robinson: Yes, they should visually check that.

[Counsel]: Should visually check to make sure there is no missing bolts?

Robinson: Yes.

Robinson further testified that the inspector should check for rust, even though the amount of rust would be minimal because the refrigerated trailer was made primarily of aluminum. When asked, "in a regular inspection, how is the inspector supposed to make sure that none of the base rails bolts are loose," Robinson answered "visually." The inspection specifically included the fifth wheel plate, that is, the bottom part of the upper coupler assembly. We conclude that this testimony established the duty to inspect the trailers, including the upper coupler assembly, visually for rust and for missing and loose bolts every sixty days.

Further, as to breach of the duty to inspect, the accident was investigated by Harry Hupp, a Kentucky traffic accident investigator and commercial vehicle inspector. He testified that when he arrived at the accident site, he saw broken and

rusty bolts in the road. Evidence that the object of an inspection existed or might have existed at the time of the inspection creates a fact issue concerning the breach of the duty. *Rudolph,* 763 S.W.2d at 933; *Southwestern Bell Tel. Co. v. McKinney,* 699 S.W.2d 629, 634 (Tex.App.-San Antonio 1985, writ ref'd n.r.e.). A jury could have inferred that rust was present or might have been present for more than sixty days, long enough to have been detected by a visual inspection of the trailer. We conclude Hupp's testimony is some evidence that FFE breached its duty to inspect the bolts that attached the upper coupler assembly to the trailer and detect rusty bolts.

As to evidence of causation, Hupp testified that the accident happened because the bolts holding the upper coupler assembly had rusted, thus causing it to come loose from the trailer and flip. We conclude this is some evidence of causation.

Because we conclude that expert testimony was not necessary to establish negligence and that there was some evidence as to the duty, breach, and causation elements of the negligence claim, we conclude the trial court erred in granting a directed verdict on the negligence claim. Therefore, we sustain the Fulghams' second point of error.

### Product Liability

■ In their third point of error, the Fulghams contend the trial court erred in directing a verdict on their product liability claim. Specifically, the Fulghams contend that the agreement between Fulgham and FFE was a lease, although labeled an "independent contractor agreement."

Where one is engaged in the business of introducing products into the channels of commerce, he will be subject to strict liability for physical harm caused by such products if they are unreasonably danger-ous to the user or consumer whether he sells or leases his products. *Rourke v. Garza,* 530 S.W.2d 794, 800 (Tex.1975). A "lease" is "a contract by which the rightful possessor of personal property conveys the right to use that property in exchange for consideration." BLACK'S LAW DICTIONARY 898 (7th ed.1999). The independent contractor agreement provided that Larry would use FFE's trailer and pay FFE a percentage of the load. Thus, the agreement provided that FFE conveyed to Larry the right to use the trailer in exchange for a percentage of the load as rent. We conclude this agreement is a lease whereby FFE introduced the trailer into the stream of commerce. Because there is some evidence that FFE leased the trailer to Larry, the trial court erred in granting a directed verdict on the product liability claim. We sustain the Fulghams' third point of error.

### CONCLUSION

Because of our disposition of the Fulghams' second and third points of error, we reverse the trial court's judgment and remand this case for further proceedings. We need not address the spoliation issue or the exclusion of expert testimony raised in the first and fourth points of error. *See* TEX.R.APP. P. 47.