Affirmed and Memorandum Opinion filed March 31, 2005









Affirmed and Memorandum Opinion
filed March 31, 2005.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-01430-CV

____________

 

DANIEL B. TAYLOR, Appellant

 

V.

 

FFE TRANSPORTATION SERVICES, INC., Appellee

_______________________________________________________

 

On Appeal from the County Civil Court at Law No. 2

Harris County, Texas

Trial Court Cause No. 784,436

_______________________________________________________

 

M E M O R A N D U M   O P I N I O N

In this negligence claim arising
from property damage to a truck tractor owned by appellant Daniel B. Taylor, we
must determine whether there is a genuine issue of fact as to whether a
brake-system fitting in the truck trailer owned by appellee FFE Transportation
Services, Inc. had a crack when FFE turned the trailer over to Taylor, one of
its drivers.  Because we conclude that
there is no such genuine issue of fact, we affirm the trial court=s summary
judgment.








I.  Factual and Procedural Background

On or
about December 6, 2000, appellant Daniel B. Taylor, a driver for appellee FFE
Transportation Services, Inc., picked up a truck trailer in Florida from
FFE.  FFE owned the truck trailer, and
Taylor owned the truck tractor.  Taylor
drove this tractor-trailer combination from Florida to Rochester, New York,
which took about one-and-a-half days. 
Taylor stayed in Rochester an additional day to visit family members,
and then he drove to Columbus, Ohio, a trip of about five hours.  After waiting a while for the trailer to be
loaded, Taylor left Columbus heading west, with a goal of reaching Las Vegas,
Nevada.  When Taylor left Columbus, it
was snowing.  

After traveling for two more
days, Taylor reached Arizona.  Although
Taylor had experienced no previous problems with the brakes since picking up
the trailer in Florida, after traveling down a hill with a relatively steep
grade, Taylor engaged the trailer=s brake
system and it did not work.  Unable to
stop and fearing for his own safety and that of nearby motorists, Taylor
stopped his truck by intentionally driving into concrete barriers.  Although no one was injured in this incident,
Taylor=s truck
tractor was a total loss.

William Summerson, Jr., a
mechanic, inspected the truck tractor after this incident.  Summerson concluded that the incident was
caused by a failure of the trailer=s brake
system caused by the cracking of a fitting, which prevented air from entering
the brake system.  

Taylor filed suit against FFE
seeking to recover for the damage to his tractor based on FFE=s alleged
negligence in inspecting and maintaining the trailer.  Taylor alleges that the cracked fitting was
present in the trailer when FFE gave it to him in Florida and that FFE was
negligent in failing to inspect the trailer and notice this defect.








FFE filed a traditional and a
no-evidence motion for summary judgment, asserting, among other things, the
following no-evidence grounds: (1) there is no evidence that any act or
omission on the part of FFE was a proximate cause of the failure of the brake
system or the accident; (2) there is no evidence that any alleged failure by
FFE to inspect or maintain the trailer was a proximate cause of the accident;
and (3) there is no evidence that there was any problem at all with the trailer=s brake
system when Taylor took possession of it in Florida.  The trial court granted FFE=s motion
for summary judgment without specifying the grounds.  On appeal, Taylor asserts the trial court
erred in granting FFE=s motion
for summary judgment, attacking both the traditional and no-evidence grounds.

II. 
Standard of Review

In reviewing a no-evidence motion
for summary judgment, we ascertain whether the non-movant produced any evidence
of probative force to raise a genuine issue of fact as to the essential
elements attacked in the no-evidence motion. 
Dolcefino v. Randolph, 19 S.W.3d 906, 916 (Tex. App.CHouston [14th
Dist.] 2000, pet. denied). We take as true all evidence favorable to the
non-movant, and we make all reasonable inferences therefrom in the non-movant=s favor.  Id. 
A no-evidence motion for summary judgment must be granted if the party
opposing the motion does not respond with competent summary-judgment evidence
that raises a genuine issue of material fact.  Id. at 917.

III. 
Analysis

Taylor cannot recover in
this case unless he can prove that the fitting in the trailer=s brake system was
cracked when he picked up the trailer in Florida approximately five days before
the accident in question.  Applying the
no-evidence summary-judgment standard of review, we must determine whether there
is a genuine issue of fact as to whether this brake-system fitting was cracked
when Taylor picked up the trailer. 








The summary-judgment
evidence contains excerpts from Taylor=s deposition, but
Taylor=s testimony does
not raise a genuine issue of fact as to whether the fitting in question was
cracked when he picked up the trailer. 
Taylor testifies in his deposition, among other things, that (1) Taylor
has no reason to think that there was a Acracked valve@ when he left
Kingman, Arizona, just before the accident occurred; (2) the brake defect may
have happened on his trip somewhere between Florida and the accident site; and
(3) Taylor cannot think of anything that occurred on his trip from Florida up
until the accident that might have caused a cracked fitting.  

The summary-judgment
evidence also contains deposition testimony from mechanic Summerson, who
testified in pertinent part as follows: 

(1)       The failure that occurred
in the trailer=s brake system is a very common failure.

(2)       Summerson has repaired the
exact same failure hundreds of times.

(3)       Road debris flies up and
cracks fittings such as the one that cracked in this case Aall the time.@

(4)       Summerson does not know
how long before the accident the fitting in question was cracked.

(5)       It is possible the fitting
in question was cracked when Taylor picked up the trailer in Florida.

(6)       Summerson cannot say how long the fitting
in question had been cracked before the accident, A[b]ut it was long
enough for the elements to go in there and tarnish the brass and make it not
shiny anymore [sic], just like the outside of it was.@ 

When Summerson was asked
how long he thought the fitting in question had been cracked before the
accident, he stated that he could not answer that question:

I would say days at
least.  But I can=t tell you that.  He may have been C December, he may have
came from back east and driven through snow and ice and slush and gone to a
truck wash and got his truck washed, and that may be the residue of what=s left.  There=s no way I can answer the
fitting question.

 

In a previous recorded
interview, Summerson had stated that the fitting had been cracked for Aa while@ before the
accident.  During his deposition,
Summerson stated that his answers to the questions in the previous interview
had not changed and that he would give the same answers to those questions if
they were asked at the deposition.  When
Summerson was asked what he meant in his previous statement when he said the
fitting had been cracked for Aa while,@ Summerson
answered:








I meant that it wasn=t broken at the
accident.  It wasn=t broken by the tow truck
driver.  It was broken prior to the
accident.  That=s all I can C that time frame, I know
that some time where [sic] the elements got to it.  I wouldn=t expect that to happen
in an hour.  It=s going to take some
time.  I can=t tell you what the time
frame is.

 

Summerson himself stated
that, although he thought the cracking had to have been there long enough for
the metal to have been tarnished, this tarnishing could have been caused by
driving through snow and ice.  The record
reflects that Taylor drove through snow during part of his trip.  Even ignoring, under the familiar standard of
review, Summerson=s statements that
he does not know how long the fitting was cracked and that he cannot say how
long it had been cracked, Summerson=s best testimony
in Taylor=s favor is that
the fitting had been broken for Adays at least@ and that it had
been broken for Aa while.@  Nonetheless, four days before the accident
would constitute Adays@ and Aa while@ and still not
mean the fitting was cracked when FFE gave Taylor the trailer.  We conclude that this evidence is only
surmise or suspicion and that it is not sufficient to raise a genuine issue of
material fact as to whether the fitting was cracked when it left FFE=s possession in
Florida five days before the accident.[1] See Browning-Ferris, Inc. v. Reyna, 865 S.W.2d 925, 928
(Tex. 1993) (holding evidence was legally insufficient because it amounted to
no more than suspicion or surmise); McKnight v. Hill & Hill
Exterminators, 689 S.W.2d 206, 209 (Tex. 1985) (same).  








Taylor asserts that FFE=s arguments as to why
Summerson=s testimony does not raise a genuine issue of fact attack the
relevance and reliability of this expert testimony and were waived by FFE=s failure to object
in the trial court.  We disagree.  FFE=s arguments in this regard address whether Summerson=s testimony raises a
genuine issue of fact, rather than asserting that Summerson=s testimony is
inadmissible because it is irrelevant or unreliable.  Therefore, FFE did not have to object in the
trial court.  See Coastal Transp. Co.,
Inc. v. Crown Cent. Petroleum Corp., 136 S.W.3d 227, 233 (Tex. 2004).  

Taylor asserts that
two cases from the San Antonio Court of Appeals show that he has raised a
genuine issue of material fact.  See
Rudolph v. ABC Pest Control, Inc., 763 S.W.2d 930, 933 (Tex. App.CSan Antonio 1989,
writ denied); Southwestern Bell Tel. Co. v. McKinney, 699 S.W.2d 629,
634 (Tex. App.CSan Antonio 1985, writ ref=d n.r.e.).  The Rudolph
case is not on point because, in that case, there was unequivocal testimony
that the cause of the damage C a termite infestation C had been present for more than five years. See Rudolph,
763 S.W.2d at 932.  The McKinney
case involves the duty of a phone company to inspect and maintain its phone
wires along a public roadway.  See
McKinney, 699 S.W.2d at 634.  McKinney
is not relevant to determining whether Taylor raised a genuine issue of fact on
the issue of whether the fitting in the trailer=s brake system was cracked when he picked up the trailer in
Florida.  See id.  

Taylor also asserts
that the testimony of Phil McGann raises a genuine issue of material fact
because he testified that (1) a broken fitting could have caused the accident;
(2) FFE did not perform a preventative maintenance inspection on the trailer in
question when it was in FFE=s possession just before giving the trailer to Taylor in December
of 2000; (3)  if FFE had done a
preventative maintenance inspection just before giving Taylor the trailer and
if the fitting had been cracked at that time, FFE=s personnel would have detected and replaced the cracked fitting;
and (4) FFE incorrectly stated that Summerson=s inspection of the trailer had not revealed any defects.  Taylor also points to his own testimony that he
could not think of anything that occurred on his trip from Florida up until the
accident that might have caused a cracked fitting.  None of this evidence, however, raises a
genuine issue of fact regarding whether the fitting in question was cracked
when Taylor picked up the trailer in Florida. 
For example, Taylor=s inability to think of anything that occurred on his trip from
Florida that might have caused the cracking does not raise a reasonable
inference that the fitting was cracked when FFE gave Taylor the trailer in
Florida.








IV.  Conclusion

In response to FFE=s motion for summary
judgment, asserting no evidence, Taylor did not respond with summary-judgment
evidence raising a genuine issue of material fact as to whether the fitting in
the trailer=s brake system was cracked when Taylor picked up the trailer in
Florida.  The summary-judgment evidence
did not raise a genuine issue of material fact as to whether FFE=s allegedly
actionable conduct was a proximate cause of the accident.  Based on these conclusions, this court need
not address FFE=s other grounds for summary judgment. Accordingly, we overrule
both of Taylor=s issues and affirm the trial court=s judgment.  

 

/s/        Kem Thompson Frost

Justice

 

Judgment rendered and Memorandum Opinion filed March 31,
2005.

Panel consists of Justices Anderson, Hudson, and Frost.

 

 











[1]  On appeal,
Taylor objects that the evidence attached to FFE=s reply
in the trial court was untimely and should not have been considered.  Without addressing the merits of this
contention, we note that the evidence attached to FFE=s reply is not necessary for our analysis in this
opinion.  Because we can affirm the trial
court=s judgment without considering this evidence, we need
not address this issue.