NO. 07-04-0473-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 31, 2005

_____

RICKY STARKS, TDCJ #733678, APPELLANT

V.

TEXAS DEPT. OF CRIMINAL JUSTICE, APPELLEE

_____

FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;

NO. 89,630-D; HONORABLE DON EMERSON, JUDGE

_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Appellant Ricky Starks appeals a judgment that he take nothing in his suit against the Texas Department of Criminal Justice. Presenting three points of error, Starks contends the trial court abused its discretion in (1) granting a directed verdict in favor of TDCJ, (2) denying him the right to adequate and required discovery materials, and (3) denying him due course of law. We affirm.

Starks filed a claim pursuant to section 101.021(2) of the Texas Civil Practice and Remedies Code alleging TDCJ caused him injury by negligently handling his property. He alleges that during a "shakedown" procedure, TDCJ contaminated his bed sheets by spreading them on the floor. He maintains he was forced to sleep on the contaminated sheets and that they caused him to develop a painful skin condition. At the conclusion of the evidence and before a charge was submitted to the jury, TDCJ moved for a directed verdict contending (1) Starks was not entitled to recover for intentional acts, (2) absence of evidence on the issue of breach, and (3) absence of evidence to establish causation. After considering Starks's response and argument, the trial court granted a directed verdict and entered a judgment that Starks take nothing by his suit.[1] Addressing his points in logical order, we commence our analysis by considering Starks's second point of error.

By his second point, Starks contends the trial court abused its discretion by failing to require an expert witness to comply with written discovery requests. We disagree. In order for us consider his complaint on appeal, the record must show he preserved his complaint by a timely request, objection, or motion and obtained a ruling from the trial court. *See* Tex. R. App. P. 33.1(a). Here, however, as noted by TDCJ, Starks failed to obtain a ruling from the court on his objections. Furthermore, by proceeding with trial after failing to obtain a ruling, Starks waived any objections to these matters on appeal. *See* Remington Arms Co., Inc. v. Caldwell, 850 S.W.2d 167, 170 (Tex. 1993).

---

[1]The trial court did not announce the grounds which it deemed to be controlling.

Moreover, even assuming error, a question we do not decide, we may not reverse a judgment and grant a new trial unless the alleged error amounted to such a denial of Starks's rights that it probably caused the rendition of an improper judgment or prevented Starks from properly presenting his case on appeal. Tex. R. App. P. 44.1. In Lorusso v. Members Mut. Ins. Co., 603 S.W.2d 818, 820 (Tex. 1980), the Court held that the harmless error rule applies to all errors in that it draws no distinction as to the type of error involved in its requirement for reversal. Also, in Clark v. Turner, 505 S.W.2d 941, 945 (Tex.Civ.App.–Amarillo 1974, no writ), we held that the appellant carries the burden to show from the record as a whole not only that an error was committed, but that the error probably resulted in an improper judgment. Here, however, Starks did not seek a continuance of the trial setting to resolve his discovery complaint. Further, in his argument, he does not address how the alleged error in discovery procedures was reasonably calculated to cause and probably did cause the rendition of an improper judgment. Starks's second point is overruled.

By his first point of error, Starks contends the trial court abused its discretion in granting a directed verdict in favor of TDCJ. Then, by his third point, he contends the trial court abused its discretion and authority by denying him due course of law because he asserts that he was entitled to the submission of mandatory questions to the jury. Because we consider this third issue subsumed by his first issue, we will consider both issues together.

3

Standard of Review

When reviewing a directed verdict, we must determine whether there is any evidence of probative force to raise a fact issue on the material questions presented. Szczepanik v. First Southern Trust Co., 883 S.W.2d 648, 649 (Tex. 1994). We must consider all the evidence in the light most favorable to the party against whom the verdict was directed, disregarding all contrary evidence and inferences and giving the losing party the benefit of all reasonable inferences created by the evidence. *Id.* If there is any conflicting evidence of probative value on any theory of recovery, the directed verdict is improper and the case must be reversed and remanded for jury determination of that issue. *Id.* A directed verdict is proper when (1) the opponent's pleadings are insufficient to support a judgment, (2) the evidence conclusively proves a fact that established a party's right to judgment as a matter of law, or (3) the evidence offered on a cause of action is insufficient to raise an issue of fact. Rudolph v. ABC Pest Control, Inc., 763 S.W.2d 930, 932 (Tex.App.--San Antonio 1989, writ denied). We must affirm a directed verdict if the record discloses a ground that establishes, as a matter of law, the movant was entitled to judgment, even though the ground was not embodied in the motion for directed verdict. Gonzales v. Willis, 995 S.W.2d 729, 740 (Tex.App.--San Antonio 1999, no pet.).

Focusing our attention on TDCJ's third ground presented in its motion for directed verdict, we must consider whether the evidence offered raised an issue of fact for the jury. In summary, Starks contends that he developed folliculitis after he slept on dirty sheets provided to him after a search. According to his treating physician, folliculitis is a common

4

skin condition in prisons and elsewhere. He also testified that there were several known causes of folliculitis. However, when asked on cross-examination if he could testify with a reasonable medical probability that Starks's skin condition was actually caused by the actions of TDCJ's employees, the physician testified "there's no definite cause and effect." Further, the physician's testimony did not exclude any other cause of the folliculitis with reasonable certainty.

As is material to evidence of causation, in Burroughs Wellcome Co. v. Crye, 907 S.W.2d 497, 500 (Tex. 1995), the Supreme Court held that to constitute evidence of causation, an expert opinion must rest in reasonable medical probability. After considering the evidence, the Supreme Court held that there was no evidence that the plaintiff suffered a frostbite injury as a result of using Polysporin spray. Similarly, here, because Sparks's expert did not testify in reasonable medical probability that Starks's skin condition was caused by the sheets provided by TDCJ, we conclude that the trial court did not abuse its discretion in granting TDCJ's motion for directed verdict. This determination renders our analysis of the remaining grounds of the motion unnecessary. Starks's points one and three are overruled.

Accordingly, the judgment of the trial court is affirmed.


Don H. Reavis
Justice