NO. 07-06-0079-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



NOVEMBER 28, 2006


______________________________



DEXTER DEUWN MITCHELL, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;



NO. 51,843-A; HON. H. BRYAN POFF, PRESIDING


_______________________________



Memorandum Opinion


_______________________________



Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

 Dexter Deuwn Mitchell (appellant) appeals his conviction for three counts of
aggravated robbery. Through a single issue, he contends that his sentence is invalid
because the trial court's jury charge pertaining to the guilt-innocence phase of the
proceeding was neither certified or filed of record by the trial court nor given to the jury to
read during its deliberations. We overrule the issue and affirm the judgment. 

 Within the supplemental clerk's record received on October 17, 2006, we find a copy
of the jury charge at issue. The instrument was not only signed by the judge who presided
over the trial but also stamped "Filed . . . 2005 Mar -3 A 10:27 . . ." by the district court
clerk. So too do we see from the reporter's record that the trial court not only afforded all
counsel opportunity to object to the contents of the written document but also read the
charge to the jury before closing arguments began. So, assuming arguendo that the
written instrument was not physically given to the jury for use while deliberating, the
supposed omission constituted no error. See Jones v. State, 220 S.W.2d 156, 161 (Tex.
Crim. App. 1949) (construing a statute worded similarly to art. 36.18 of the Texas Code of
Criminal Procedure and holding that the written charge need not be given the jury to
consider during deliberations as long as it was read to the jurors before they began
deliberating).

 Having found appellant's issue meritless, we affirm the judgment of the trial court.


 Brian Quinn

 Chief Justice




Do not publish. 

 







 however, as noted by TDCJ, Starks failed to obtain a
ruling from the court on his objections. Furthermore, by proceeding with trial after failing
to obtain a ruling, Starks waived any objections to these matters on appeal. See
Remington Arms Co., Inc. v. Caldwell, 850 S.W.2d 167, 170 (Tex. 1993). 

 Moreover, even assuming error, a question we do not decide, we may not reverse
a judgment and grant a new trial unless the alleged error amounted to such a denial of
Starks's rights that it probably caused the rendition of an improper judgment or prevented
Starks from properly presenting his case on appeal. Tex. R. App. P. 44.1. In Lorusso v.
Members Mut. Ins. Co., 603 S.W.2d 818, 820 (Tex. 1980), the Court held that the harmless
error rule applies to all errors in that it draws no distinction as to the type of error involved
in its requirement for reversal. Also, in Clark v. Turner, 505 S.W.2d 941, 945
(Tex.Civ.App.-Amarillo 1974, no writ), we held that the appellant carries the burden to
show from the record as a whole not only that an error was committed, but that the error
probably resulted in an improper judgment. Here, however, Starks did not seek a
continuance of the trial setting to resolve his discovery complaint. Further, in his argument,
he does not address how the alleged error in discovery procedures was reasonably
calculated to cause and probably did cause the rendition of an improper judgment. Starks's
second point is overruled.

 By his first point of error, Starks contends the trial court abused its discretion in
granting a directed verdict in favor of TDCJ. Then, by his third point, he contends the trial
court abused its discretion and authority by denying him due course of law because he
asserts that he was entitled to the submission of mandatory questions to the jury. Because
we consider this third issue subsumed by his first issue, we will consider both issues
together.

 Standard of Review 
 

 When reviewing a directed verdict, we must determine whether there is any
evidence of probative force to raise a fact issue on the material questions presented. 
Szczepanik v. First Southern Trust Co., 883 S.W.2d 648, 649 (Tex. 1994). We must
consider all the evidence in the light most favorable to the party against whom the verdict
was directed, disregarding all contrary evidence and inferences and giving the losing party
the benefit of all reasonable inferences created by the evidence. Id. If there is any
conflicting evidence of probative value on any theory of recovery, the directed verdict is
improper and the case must be reversed and remanded for jury determination of that issue.
Id. A directed verdict is proper when (1) the opponent's pleadings are insufficient to
support a judgment, (2) the evidence conclusively proves a fact that established a party's
right to judgment as a matter of law, or (3) the evidence offered on a cause of action is
insufficient to raise an issue of fact. Rudolph v. ABC Pest Control, Inc., 763 S.W.2d 930,
932 (Tex.App.--San Antonio 1989, writ denied). We must affirm a directed verdict if the
record discloses a ground that establishes, as a matter of law, the movant was entitled to
judgment, even though the ground was not embodied in the motion for directed verdict. 
Gonzales v. Willis, 995 S.W.2d 729, 740 (Tex.App.--San Antonio 1999, no pet.).

 Focusing our attention on TDCJ's third ground presented in its motion for directed 
verdict, we must consider whether the evidence offered raised an issue of fact for the jury. 
In summary, Starks contends that he developed folliculitis after he slept on dirty sheets
provided to him after a search. According to his treating physician, folliculitis is a common
skin condition in prisons and elsewhere. He also testified that there were several known
causes of folliculitis. However, when asked on cross-examination if he could testify with
a reasonable medical probability that Starks's skin condition was actually caused by the
actions of TDCJ's employees, the physician testified "there's no definite cause and effect." 
Further, the physician's testimony did not exclude any other cause of the folliculitis with
reasonable certainty.

 As is material to evidence of causation, in Burroughs Wellcome Co. v. Crye, 907
S.W.2d 497, 500 (Tex. 1995), the Supreme Court held that to constitute evidence of
causation, an expert opinion must rest in reasonable medical probability. After considering
the evidence, the Supreme Court held that there was no evidence that the plaintiff suffered
a frostbite injury as a result of using Polysporin spray. Similarly, here, because Sparks's
expert did not testify in reasonable medical probability that Starks's skin condition was
caused by the sheets provided by TDCJ, we conclude that the trial court did not abuse its
discretion in granting TDCJ's motion for directed verdict. This determination renders our
analysis of the remaining grounds of the motion unnecessary. Starks's points one and
three are overruled. 

 Accordingly, the judgment of the trial court is affirmed. 


 Don H. Reavis

 Justice


 
1. The trial court did not announce the grounds which it deemed to be controlling.