# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-06-00626-CV

Jonah Water Special Utility District, Appellant

v.

Aaron Keith White and Lance White, Appellee

FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT
NO. 02-647-C368, HONORABLE BURT CARNES, JUDGE PRESIDING

## D I S S E N T I N G   O P I N I O N

Because I disagree with the majority's determinations related to the Whites' negligence claim, I respectfully dissent.

The Whites alleged that in April 2002, they suffered property damage when Jonah removed a water meter from the Whites' property, leaving the area "and other areas within the easement in a serious state of disrepair." The Whites alleged that Jonah's employees used a "backhoe, bulldozer or other related earth moving and excavation equipment negligently" and breached their duties of ordinary care and to "operate the bulldozer and related equipment reasonably and prudently," causing damage to the Whites' property. The Whites further alleged that Jonah caused additional damage in August 2003, when it attempted to repair a break in its water main; they provided no additional information or factual allegations related to the August 2003 incident.

The majority, in discussing whether sufficient evidence supports the jury's finding

in favor of the Whites on their negligence claim, concludes that because the Whites' allegations and evidence were so vague that we "cannot determine with certainty" whether the alleged negligence was of a sort to require expert testimony, we must defer to the jury's determinations. *See* slip. op. at 10. It is with this conclusion that I strongly disagree. As Jonah pointed out in its motion to disregard the jury's findings, the Whites essentially presented testimony that Jonah damaged their property without explaining how or what conduct caused the alleged damage. The Whites' evidence was insufficient to support a recovery for negligence for several reasons.

First, it was the Whites' burden as plaintiffs to present evidence sufficient to support each element of negligence. *See Schwartz v. City of San Antonio*, No. 04-05-00132-CV, 2006 Tex. App. LEXIS 995, at *6 (Tex. App.—San Antonio Feb. 8, 2006, pet. denied) (mem. op.) ("plaintiff must show (1) the defendant owed a legal duty to the plaintiff, (2) he breached that duty, and (3) damages proximately resulted from the breach"); *Hager v. Romines*, 913 S.W.2d 733, 735-36 (Tex. App.—Fort Worth 1995, no writ) (to avoid instructed verdict, plaintiffs had to offer evidence for each element of negligence claim). If the evidence presented was so vague and uncertain that this Court cannot determine on a review of the record and pleadings whether the Whites were alleging negligence related to Jonah's operation of a backhoe, its "misreading surface wetness," or merely its failure to attempt to locate a water leak, the Whites have not carried their basic burden of proof.

More importantly, the Whites utterly failed to present expert testimony that would establish the standard of care that should have been employed by Jonah. *See Schwartz*, 2006 Tex. App. LEXIS 995, at *6-7 (quoting *FFE Transp. Servs., Inc. v. Fulgham*, 154 S.W.3d 84, 90 (Tex. 2004)) ("Expert testimony is necessary to establish the applicable standard of care 'when the alleged negligence is of such a nature as not to be within the experience of the layman.'").

2

The majority observes that the Whites alleged negligence in Jonah's performance of "many different activities." Slip op. at 9. However, Jonah's immunity is waived under the Tort Claims Act only if the Whites' damages resulted directly from Jonah's "operation or use of a motor-driven vehicle or motor-driven equipment." Tex. Civ. Prac. & Rem. Code Ann. § 101.021(1)(A) (West 2005); *see Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 543 (Tex. 2003). Thus, the only negligence for which the Whites may recover is that involving the use or operation of some kind of motor-driven equipment. The motorized equipment about which the Whites complained was a "backhoe, bulldozer or other related earth moving and excavation equipment." The operation and use of such equipment is not within the knowledge of an ordinary person and, therefore, for the jury to understand whether Jonah was negligent in its use of heavy machinery, expert testimony was required to establish the standard of care that would be employed by an ordinary person trained in the use of such specialized equipment. *See Fulgham*, 154 S.W.3d at 90-91; *see also Roark v. Allen*, 633 S.W.2d 804, 809 (Tex. 1982) ("Expert testimony is necessary when the alleged negligence is of such a nature as not to be within the experience of the layman."). Similarly, the standard of care that should be used in the location, repair, and maintenance of water lines or removal of meters, particularly when heavy machinery is employed, is not information that falls within an ordinary person's body of knowledge and therefore, expert testimony was required. *See Fulgham*, 154 S.W.3d at 91; *Schwartz*, 2006 Tex. App. LEXIS 995, at *9-10; *Roark*, 633 S.W.2d at 809.

We must determine de novo whether expert testimony was required rather than deferring to the trial court, much less the jury. *Fulgham*, 154 S.W.3d at 90. Because the Whites did not present expert testimony establishing the standard of care that applied to Jonah's use of heavy

equipment, its maintenance and repair of water lines, and its removal of a water meter, the evidence was insufficient as a matter of law to support the jury's verdict. *See Hager*, 913 S.W.2d at 735-36.

As for any claims the Whites might have raised or implied that did not involve the use of motor-driven equipment, the Tort Claims Act does not provide a waiver of Jonah's governmental immunity against such claims. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.021(1). The trial court therefore should have dismissed any negligence claims not related to Jonah's use of motorized equipment.

In other words, if the Whites' vaguely pleaded and loosely supported negligence claims were grounded in Jonah's use of a backhoe or other heavy equipment, expert testimony was required. Because the Whites failed to present any such testimony, the evidence cannot support the jury's verdict. *See Hager*, 913 S.W.2d at 735-36. If the Whites' negligence claims did not arise from Jonah's use of heavy equipment, governmental immunity protects Jonah from liability. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.021(1). Rather than holding that the trial court should have granted Jonah's motion to disregard the jury's negligence finding, however, the majority upholds the negligence verdict, on grounds that "we do not know which of Jonah's activities were the basis of the jury's negligence finding." Slip. op. at 11. I disagree with the majority's holding and would hold that the trial court should have disregarded the jury's finding on negligence.

_____

David Puryear, Justice

Before Chief Justice Jones, Justices Puryear and Henson

Filed: August 31, 2009