Opinion filed September 12, 2024



In The

# Eleventh Court of Appeals

_____

## No. 11-22-00118-CV
_____

## RAFAEL MATA AND RAFAEL FELIX MATA, Appellants

## V.

## JOSE VELAZQUEZ, SR., Appellee

**On Appeal from the 266th District Court**
**Erath County, Texas**
**Trial Court Cause No. CV36750**

### M E M O R A N D U M   O P I N I O N

After several head of their cattle disappeared, Appellants, Rafael Mata and Rafael Felix Mata,[1] filed a lawsuit for conversion against Appellee, Jose Velazquez, Sr., who controlled the land where the cattle were grazing. Velazquez filed a no-evidence motion for summary judgment, which was granted by the trial court. In

---

[1] We will refer to Rafael Felix Mata as "Felix."

this appeal, Rafael and Felix complain that the trial court improperly rendered summary judgment. We reverse and remand.

## Factual and Procedural Background

According to Rafael's summary judgment affidavit, Velazquez is the lessee of a ranch near Desdemona, Texas. In 2019, the parties entered into an agreement by which Rafael and Felix would be allowed to graze their cattle on the property Velazquez was leasing. Thereafter, Rafael and Felix began to purchase cattle to graze on the property. They also relocated cattle that they already owned to the property. By December 2020, Rafael and Felix had approximately twenty-five cows, twenty-one calves, and one bull on the property, several of which were identified with ear tags.

During the following weeks, Rafael began to notice that several of the cattle were missing. Rafael claims that, when he spoke with Velasquez about the missing cattle, Velasquez told him that he was "taking care" of them. Rafael also claims that, when he announced his intention to remove the remainder of the cattle from the property, Velazquez refused to allow it, and reiterated that "he was addressing the issue." Rafael also claims that, by early 2021, all of the cattle that Rafael and Felix had placed on the property were missing.

Rafael and Felix filed suit against Velazquez, asserting a cause of action for conversion.[2] Thereafter, Velazquez filed a no-evidence motion for summary judgment pursuant to Rule 166a(i) of the Texas Rules of Civil Procedure. The trial court granted the motion, and Rafael and Felix filed this appeal.

---

[2]Rafael and Felix alleged that Velazquez had given the cattle to Billie and Gail Livingston. Billie and Gail were also named as defendants in the original petition. However, the claims against Billie and Gail were later severed from the lawsuit after the trial court granted a summary judgment in their favor.

*Summary Judgment*

"A no-evidence summary judgment is essentially a pretrial directed verdict, and we apply the same legal sufficiency standard in reviewing a no-evidence summary judgment as we apply in reviewing a directed verdict." *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750–51 (Tex. 2003); *Heirs of Del Real v. Eason*, 374 S.W.3d 483, 486 (Tex. App.—Eastland 2012, no pet.). As such, we review the evidence in the light most favorable to the nonmovant, disregarding all contrary evidence and inferences. *King Ranch*, 118 S.W.3d at 751.

> As noted by the Texas Supreme Court:

> A no evidence point will be sustained when (a) there is a complete absence of evidence of a vital fact, (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a mere scintilla, or (d) the evidence conclusively establishes the opposite of the vital fact.

*Merrell Dow Pharm., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997) (citing Robert W. Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error*, 38 TEX. L. REV. 361, 362–63 (1960)). Thus, "a no-evidence summary judgment is improperly granted if the respondent brings forth more than a scintilla of probative evidence to raise a genuine issue of material fact." *King Ranch*, 118 S.W.3d at 751; *Tex. Petroleum Land Mgmt., LLC v. McMillan*, 641 S.W.3d 831, 840 (Tex. App.—Eastland 2022, no pet.). "Less than a scintilla of evidence exists when the evidence is 'so weak as to do no more than create a mere surmise or suspicion' of a fact." *King Ranch*, 118 S.W.3d at 751; *McMillan*, 641 S.W.3d at 840. "More than a scintilla of evidence exists when the evidence 'rises to a level that would enable reasonable and fair-minded people to differ in their conclusions.'" *King Ranch*, 118 S.W.3d at 751 (quoting *Havner*, 953 S.W.2d at 711); *McMillan*, 641 S.W.3d at 840.

3

*Analysis*

In their sole issue on appeal, Rafael and Felix argue that the trial court erred in granting Velasquez's no-evidence motion for summary judgment.

To establish a claim for conversion of personal property, a plaintiff must prove (1) that the plaintiff owned, had possession of, or was entitled to possession of the property; (2) that the defendant, unlawfully and without authorization, assumed and exercised dominion and control over property to the exclusion of, or inconsistent with, the plaintiff's rights as an owner; (3) that the plaintiff demanded return of the property; and (4) that the defendant refused to return the property. *Hunsaker v. Richardson*, 610 S.W.3d 151, 155–56 (Tex. App.—Eastland 2020, no pet.); *see also Waisath v. Lack's Stores, Inc.*, 474 S.W.2d 444, 447 (Tex. 1971). "The plaintiff must also establish he was injured by the conversion." *Wells Fargo Bank Nw., N.A. v. RPK Cap. XVI, L.L.C.*, 360 S.W.3d 691, 699 (Tex. App.—Dallas 2012, no pet.). "Generally, the measure of damages for conversion is the fair market value of the property at the time and place of the conversion." *United Mobile Networks, L.P. v. Deaton*, 939 S.W.2d 146, 147–48 (Tex. 1997) (per curiam).

Velazquez maintains that Rafael and Felix have failed to raise more than a scintilla of evidence that they owned personal property (the first element) and that Velazquez assumed and exercised dominion and control over the property (the second element). Velazquez also alleges that Rafael and Felix have failed to raise more than a scintilla of evidence in support of their claim of injury.

A. *Ownership of Personal Property*

Velazquez argues that Rafael and Felix are not making a claim for the conversion of *personal* property. Texas courts, however, have long classified cattle as personal property. *Kaise v. Lawson*, 38 Tex. 160, 164 (1873) (describing cattle as "personal property which might be transferred by any person having legal

4

possession of the same"); *see also Walters v. Northcutt*, No. 12-03-00247-CV, 2005 WL 341694, at *9 & n.5 (Tex. App.—Tyler Feb. 10, 2005, no pet.) (mem. op.); *McVea v. Verkins*, 587 S.W.2d 526, 534 (Tex. App.—Corpus Christi–Edinburg 1979, no writ) (recognizing conversion of eighty cows, thirty calves and two bulls).

Furthermore, in support of this element, Rafael and Felix offered summary judgment evidence that indicated that they were the owners of cattle that was allowed to graze on the property that was controlled by Velazquez, identifying many of the cattle by ear tags, registration numbers, and photographs. Under such circumstances, Rafael and Felix have raised much more than a scintilla of evidence in support of the element of ownership.

B. *Dominion and Control*

Rafael and Felix have likewise raised more than a scintilla of evidence in support of the element of dominion and control. In his affidavit, Rafael states that the cattle at issue were placed on land that was controlled by Velazquez, with the consent of Velazquez. He further states that, when he asked to remove cattle from the property, Velazquez "refused to allow" it, effectively placing Rafael and Felix in a position where they were at risk of being prosecuted for trespassing if they entered the property in an attempt to retrieve the cattle. *See* TEX. PENAL CODE ANN. § 30.05(a) (West Supp. 2023) (criminal trespass). Such testimony provided the trial court with more than a scintilla of evidence that Velazquez has exercised dominion and control over the cattle at issue.

C. *Demand*

Although Velazquez does not challenge the element of demand, we note that Rafael's demand for return of the cattle is sufficient to complete the tort for purposes of establishing liability. *See Hunsaker*, 610 S.W.3d at 155–56. In his brief, Velazquez suggests that, because there is no indication that Velazquez caused the

cattle to disappear from the property, the summary judgment evidence is insufficient to establish his liability. While such evidence would further support a claim for conversion, it is not necessary. A demand by Rafael and Felix, combined with a refusal by Velazquez to allow access, would constitute a conversion even if the cattle had remained in plain sight for the entire duration of the dispute. *Id.*

D. *Damages*

Velazquez argues that Rafael and Felix have failed "to produce any evidence as to the dollar amount of their alleged damages." Specifically, Velazquez maintains that Rafael and Felix were required to produce evidence of the specific, market value of their cattle in order to overcome the no-evidence motion for summary judgment.

When assessing an issue on damages, it is critical for courts to separate "the *fact of injury or damages* from the *amount of damages*." *Jefferson v. Parra*, 651 S.W.3d 643, 650 (Tex. App.—Houston [14th Dist.] 2022, no pet.) (emphasis added). In other words, "we must distinguish 'uncertainty as to the fact of damages' from 'uncertainty merely as to the amount of damages.'" *Int'l Bus. Machines Corp. v. Lufkin Indus., LLC*, 573 S.W.3d 224, 235 (Tex. 2019) (quoting *McKnight v. Hill & Hill Exterminators, Inc.*, 689 S.W.2d 206, 207 (Tex. 1985)). "Uncertainty as to the fact of legal damages is fatal to recovery, but uncertainty as to the amount will not defeat recovery." *McKnight*, 689 S.W.2d at 207 (quoting *Sw. Battery Corp. v. Owen*, 115 S.W.2d 1097, 1099 (1938)).

This distinction typically arises in connection with an appeal from a judgment, where the fact of damages evidence is sufficient to overcome a no-evidence point of error. *See, e.g.*, *Lufkin*, 573 S.W.3d at 235; *McKnight*, 689 S.W.2d at 207–08. However, it is equally applicable in connection with a no-evidence motion for summary judgment, which applies the same evidentiary standard. *See King Ranch*, 118 S.W.3d at 750–51; *Rawhide Mesa-Partners, Ltd. v. Brown McCarroll, L.L.P.*,

6

344 S.W.3d 56, 60 (Tex. App.—Eastland 2011, no pet.) (We review a no-evidence summary judgment under the same standard as a directed verdict.).[3]

In support of his claim that Rafael and Felix must demonstrate the amount of their damages in response to a no-evidence motion for summary judgment, Velazquez cites our opinion in *Apollo Exploration, LLC v. Apache Corporation*. 631 S.W.3d 502 (Tex. App.—Eastland 2021), *rev'd in part*, 670 S.W.3d 319 (Tex. 2023). *Apollo* was a summary judgment case in which we considered whether the nonmovant had produced sufficient evidence that the movant had converted natural gas. *Id.* at 544. We concluded that there was no evidence that the movant had converted *any* gas. *Id.* ("Appellants produced no summary judgment evidence to establish how much of the proceeds from [its] production was allegedly misappropriated."). Consistent with the cases that preceded it, *Apollo* determined that the nonmovant had not come forward with evidence concerning the fact of damages. It does *not* hold that a claimant is required to prove the *amount* of their damages in response to a no-evidence motion for summary judgment.

In his affidavit, Rafael stated that—both before and after he and Felix were denied access to their cattle—such cattle had gone missing, and that such cattle had not otherwise been returned to them. Such testimony is more than sufficient to raise at least a scintilla of evidence in support of the fact of damages.

*Conclusion*

Rafael and Felix responded to the no-evidence motion for summary judgment with an affidavit demonstrating that Velazquez had control over their cattle, that he refused to return the cattle upon demand, and that they no longer had access to the

---

[3]Under appropriate circumstances, a defendant may seek a partial summary judgment relating to a particular measure or element of damages that is unsupported by the evidence. TEX. R. CIV. P. 166a(b) ("A party against whom a claim . . . is asserted . . . may, at any time, move . . . for a summary judgment in his favor as to all or any part thereof."). However, Velazquez did not make such a request. Instead, he sought a no-evidence summary judgment on the element of damages.

cattle. Such evidence raises more than a scintilla of evidence as to each element of a cause of action for conversion. Accordingly, the trial court erred when it granted the no-evidence motion for summary judgment, and we sustain Rafael's and Felix's sole issue on appeal.

*This Court's Ruling*

We reverse the judgment of the trial court and remand this case for further proceedings.


JOHN M. BAILEY

CHIEF JUSTICE


September 12, 2024

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.